## CZAPLICKI v. THE HOEGH SILVER-CLOUD et al.

United States District Court
S. D. New York.
Dec. 11, 1952.

Nathan Baker, New York City, for libelant.

Haight, Deming, Gardner, Poor & Havens, New York City, for respondent Kerr S. S. Co., Inc.

SUGARMAN, District Judge.

On exceptions and exceptive allegations of respondent Kerr Steamship Company to the libel of Blazey Czaplicki.

Libelant was injured on September 6, 1945 while going aboard the S. S. Hoegh Silvercloud in the performance of his duties as a longshoreman employed by the Northern Dock Company.

He was advised (by letter dated September 25, 1945 from D. B. O'Keeffe, Claims Examiner in the office of the Compensation Commission) of his right to sue a third party and of the effect of acceptance of compensation under an award, namely, the assignment to his employer of any cause of action to recover damages from a third party.

Thereafter D. B. O'Keeffe incorporated in the Commission's file a report stating—

"The claimant called on September 27, 1945, and the provisions of Section 33(b) of the Act were explained to him. He stated very definitely that he desired to receive his compensation and to waive any rights to the third party action, and that he did not desire to consult an attorney in the matter.

"He filed a Claim for Compensation and a formal order will be issued accordingly."

Libelant's claim having been duly filed, a formal order and award was made in the proceeding by a Deputy Commissioner. Under this award, libelant received a total of $160.72 at the rate of $22.50 per week for disability ending December 25, 1945.

Notwithstanding, on April 30, 1946, this libelant commenced a third-party suit against respondent Kerr Steamship Company, Inc., in New Jersey in the Hudson County Court of Common Pleas to recover damages for his injuries. This suit was dismissed on November 22, 1946 for improper service of process on Kerr Steamship Company. A second suit to recover for libelant's injuries was then commenced and later voluntarily discontinued.[1]

By October 4, 1948, libelant had retained his present counsel, but the libel herein was not filed until June 12, 1952.

The exceptions and exceptive allegations of respondent Kerr Steamship Company, Inc., were brought on to be heard on the grounds (1) libelant is barred from commencing this action because he has elected to receive and did receive compensation under an award in a compensation order filed by the Deputy Commissioner, and (2) libelant is barred from commencing this action because of laches.

Libelant meets the first exception with the challenge that the Deputy Commissioner's award, made without a hearing, constituted no more than a memorandum and is not "an award in a compensation

---

1. Respondent's brief alleges this suit was commenced in Supreme Court, New York County, and was discontinued November 26, 1947. Libelant asserts it was both commenced and discontinued without his consent.

order filed by the deputy commissioner", the acceptance of compensation under which operated as an assignment of his claim to his employer.[2]

I disagree. Under the procedure in respect of claims set up by the statute [3] if no hearing is demanded by an interested party the Deputy Commissioner need not order one and may proceed to an order either rejecting the claim or making an award.

Libelant did more than fail to request a hearing. He called at the Commission, specifically waived his rights to sue a third party, elected to take compensation and declined to consult an attorney. In the face of O'Keeffe's categorical statement of what transpired on September 27, 1945 docketed in the Commission's file the next day, I cannot accept libelant's statement (in his answering affidavit of October 28, 1952) more than seven years later that he didn't understand what O'Keeffe told him, as a basis for upsetting the finality of the Deputy Commissioner's award.

Accordingly the exception and exceptive allegation that libelant is barred for having "elected and received a Formal Compensation Award and benefits under Title 33 U.S.C.A. § 901 et seq." is sustained.

No consideration is given the exception based on laches.

Libel dismissed.