## CZAPLICKI *v.* THE HOEGH SILVERCLOUD ET AL.

No. 342.   Argued April 24, 1956.—Decided June 11, 1956.

*Bernard Chazen* argued the cause for petitioner. With him on the brief was *Nathan Baker.*

*James M. Estabrook* argued the cause for The Hoegh Silvercloud et al., respondents. With him on the brief was *Francis X. Byrn.*

*Arthur J. Phelan* argued the cause for the Hamilton Marine Contracting Co., Inc., respondent. On the brief was *Raymond J. Scully.*

Opinion of the Court by MR. JUSTICE HARLAN, announced by MR. JUSTICE BURTON.

Czaplicki was injured in 1945 while working as a long-shoreman on the "SS Hoegh Silvercloud," a vessel owned by the Norwegian Shipping and Trade Mission and operated by the Kerr Steamship Company. The injury occurred when some steps, constructed by the Hamilton

Marine Contracting Company, gave way, causing Czap-
licki to fall about five feet. At the time, Czaplicki was
employed by the Northern Dock Company, which was
insured for purposes of the Longshoremen's and Harbor
Workers' Compensation Act [1] by the Travelers Insurance
Company. Travelers, which was also the insurer of the
Hamilton Company, filed notice with the Compensation
Commission that any compensation claim by Czaplicki
would be controverted.[2] Three weeks after the accident,
Czaplicki elected to accept compensation rather than pro-
ceed against any third parties, and, one day later, a formal
compensation award was entered by a Deputy Com-
missioner. Payments under the award were made by
Travelers.

In 1952, Czaplicki filed a libel against the vessel, her
owners and operators, and the Hamilton Company, claim-
ing damages for his injuries on grounds of unseaworthi-
ness and negligence.[3] After various proceedings in the
District Court for the Southern District of New York, the
libel was dismissed as to all respondents,[4] on the ground
that Czaplicki was not the proper party libelant, since
his election to accept compensation under the award had

---

[1] 44 Stat. 1424, as amended, 52 Stat. 1164, 33 U. S. C. § 901 *et seq.*

[2] The only reason given for controverting the claim was: "Injured
is undecided whether or not to sue the 3rd party and reserves the
right to controvert for such other reasons as may later appear."

[3] In 1946, petitioner sued the Kerr Company in the New Jersey
state courts, but the suit was dismissed for improper service of
process. He brought a second suit against the same company in the
New York state courts, but that suit was subsequently discontinued
in 1947 by his then attorney. Petitioner claims that the commence-
ment and discontinuance of that suit were without his knowledge.
Petitioner had retained his present attorney by October 4, 1948, but
the present libel was not filed until 1952.

[4] 110 F. Supp. 933; 133 F. Supp. 358; the opinion of Judge Ryan
dismissing the suit against Hamilton Company and the Norwegian
Trade Mission is not officially reported.

operated, under §§ 33 (b) and 33 (i),[5] as an assignment to Northern and its insurer, Travelers, of his rights of action against third parties. The District Court also overruled Czaplicki's contention that the compensation award was invalid because of alleged procedural defects,[6] and denied his motion to add Travelers "as party libelant to sue in its behalf and as trustee for libelant," or simply to add Travelers as a party.[7] The District Court found it unnecessary, in light of this disposition of the case, to consider the defense of laches, which had been interposed by each respondent. The Court of Appeals, affirming the District Court, held the compensation award valid and the libel barred by laches; although it indicated some doubt as to the correctness of the District Court's decision on Czaplicki's right to maintain the suit, it did not pass on that question.[8] We granted certiorari, 350 U. S. 872, because of the importance of these questions in the administration of the Longshoremen's and Harbor Workers' Compensation Act.

1. Czaplicki seeks to avoid the assignment question by attacking the compensation award itself, on the ground of asserted procedural defects.[9] However, we think that

---

[5] 33 U. S. C. § 933 (b): "Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

33 U. S. C. § 933 (i): "Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section."

[6] 110 F. Supp. 933.

[7] 133 F. Supp. 358.

[8] 223 F. 2d 189.

[9] Section 19 (c), 33 U. S. C. § 919 (c), provides that the Deputy Commissioner may either hold hearings on a compensation claim, or, "if no hearing is ordered within twenty days" after notice of the

the award must be treated as a valid one.  In the first place, the alleged irregularity could not have prejudiced Czaplicki, since it resulted from a failure to afford his *employer* a procedural benefit which, we assume *arguendo,* the statute gives.  The defect, if any, is one of which only the employer could complain; Czaplicki, who has not been in any way harmed by it, cannot use it as a vehicle for setting aside the award.  Secondly, the supposed defect cannot be used to attack collaterally an otherwise valid award.  The statute provides a means for contesting action by the Deputy Commissioner in compensation award cases,[10] and unless that procedure is followed, the award becomes binding.  In short, the defect was not one which would deprive the Deputy Commissioner of jurisdiction to enter an award.[11]

2.  Under § 33 (b) of the Compensation Act, Czaplicki's acceptance of the compensation award had the effect of assigning his rights of action against third parties to his employer, Northern.  Travelers, as Northern's insurer, was in turn subrogated to all Northern's rights by § 33 (i).  Travelers, therefore, was the proper party to sue on those rights of action.[12]  Travelers was also the insurer of

---

claim is given to the employer and other interested parties, the Deputy Commissioner can decide the claim.  In this case, the award was entered only one day after the claim was filed, on the same day that notice was sent to the employer, and no hearing was ordered or held.  None of the parties requested a hearing.

[10] § 21, 33 U. S. C. § 921.

[11] Czaplicki also contends that the award made by the Deputy Commissioner was "little more than a temporary or interlocutory order," and should not be considered the kind of award which operates as an assignment.  But the record indicates that what the Deputy Commissioner called an "award" was in effect just that, and was sufficient to call into play the assignment provisions of the Act.

[12] *Aetna Life Ins. Co.* v. *Moses,* 287 U. S. 530, was an action at law brought under this Act, which had been made applicable as a workmen's compensation law in the District of Columbia.  It was held

Hamilton, one of the third parties subject to suit. Hamilton had constructed the steps on which the accident occurred, and might be held liable if its negligence was the cause of Czaplicki's injuries; it might also be subject to a claim over by Kerr or the Norwegian Trade Mission if either of them should be held liable. Cf. *Ryan Stevedoring Co.* v. *Pan-Atlantic S. S. Corp.*, 350 U. S. 124. The result is that Czaplicki's rights of action were held by the party most likely to suffer were the rights of action to be successfully enforced. In these circumstances, we cannot agree that Czaplicki is precluded by the assignment of his rights of action from enforcing those rights in an action brought by himself.

Although § 33 (b) assigns to the employer "all right of the person entitled to compensation to recover damages" against third parties when there has been acceptance of compensation under an award, this does not mean that the assignee is entitled to retain all damages in the event of a recovery against a third party. Instead, § 33 (e) specifically apportions any such recovery between the assignee and the employee whose right of action it was originally, giving to the former an amount equal to the expenses incurred in enforcing the right, expenses of

---

that the employer was the proper party to bring the action. Since that case was decided, § 33 (i) has been added to the Compensation Act, providing that "the insurance carrier shall be subrogated to all the rights of the employer under this section." 52 Stat. 1168, 33 U. S. C. § 933 (i). As noted in the *Moses* case, 287 U. S., at p. 542, n. 3, it has long been the admiralty rule that the insurer subrogated to the rights of the insured can sue in his own name. See, *e. g.,* *Liverpool & Great Western Steam Co.* v. *Phenix Ins. Co.*, 129 U. S. 397, 462; *The Potomac,* 105 U. S. 630, 634. Travelers was, therefore, the proper party libelant had it chosen to sue in this case. Cf. *United States* v. *Aetna Cas. & Surety Co.,* 338 U. S. 366, 380–381. *Doleman* v. *Levine,* 295 U. S. 221, again an action at law, is not in point, since in that case, unlike the case at bar, there was no complete assignment of the employee's right of action.

medical care for the employee, and any amounts paid and payable as compensation, and to the latter any balance remaining.[13]  In a very real sense, therefore, the injured employee has an interest in his right of action even after it has been assigned.  Normally, this interest will not be inconsistent with that of the assignee, for presumably the assignee will want to recoup the payments made to the employee.  Since the assignee's right to. recoup comes before the employee's interest, and because the assignee is likely to be in a better position to prosecute any claims against a third party, control over the right of action is given to the assignee, who can either institute proceedings for the recovery of damages against a third person, "or may compromise with such third person either without or after instituting such proceeding."  § 33 (d), 33 U. S. C. § 933 (d).  In giving the assignee exclusive control over the right of action, however, we think that the statute presupposes that the assignee's interests will not be in conflict with those of the employee, and that through action of the assignee the employee will obtain his share of the proceeds of the right of action, if there is a recovery. Here, where there is such a conflict of interests, the inaction of the assignee operates to defeat the employee's interest in any possible recovery.  Since an action by Travelers would, in effect, be an action against itself, Czaplicki is the only person with sufficient adverse interest to bring suit.  In this circumstance, we think the statute should be construed to allow Czaplicki to enforce, in his own name, the rights of action that were his originally.

---

[13] 33 U. S. C. § 933 (e).  The "present value" of amounts payable by the employer as future compensation and medical benefits is computed and retained by the employer "as a trust fund to pay such compensation and the cost of such benefits as they become due." § 33 (e) (D), 33 U. S. C. § 933 (e) (D).

We need not go so far as to say that by giving the employee an interest in the proceeds of a third-party action the statute places the assignee in the position of a fiduciary, cf. *United States Fidelity & Guaranty Co.* v. *United States,* 152 F. 2d 46, 48; all we hold is that, given the conflict of interests and inaction by the assignee, the employee should not be relegated to any rights he may have against the assignee, but can maintain the third-party action himself. In so holding, we recognize that one Court of Appeals has held otherwise under this same statute, see *Hunt* v. *Bank Line,* 35 F. 2d 136, as have certain state courts under similar statutes, see *Taylor* v. *New York Central R. Co.,* 294 N. Y. 397, 62 N. E. 2d 777; cf. *Whalen* v. *Athol Mfg. Co.,* 242 Mass. 547, 136 N. E. 600. We think, however, that allowing suit by the employee in these circumstances is the proper way to ensure him the rights given by the Compensation Act.

Travelers is, of course, a proper party to this suit, since any recovery must first go to reimburse it for amounts already paid out. If Travelers is subject to the court's jurisdiction [14] it should therefore be made a party, pursuant to Czaplicki's motion, assuming that there has been proper service of process.

3. Respondents contend that since Czaplicki did not, under § 33 (a), 33 U. S. C. § 933 (a), elect to proceed against third parties, but rather chose to accept compensation, he can in no event revoke this election and maintain this suit. But, as this Court has already pointed out, "election not to sue a third party and assignment of the cause of action are two sides of the same coin." *American Stevedores, Inc.* v. *Porello,* 330 U. S. 446, 455. Czaplicki can bring this suit not because there has been no assignment, but because in the peculiar facts here there is no

---

[14] Cf. *Ettlinger* v. *Persian Rug & Carpet Co.,* 142 N. Y. 189, 36 N. E. 1055.

other procedure by which he can secure his statutory share in the proceeds, if any, of his right of action. For the same reason, we hold that the election to accept compensation, as a step toward the compensation award, does not bar this suit.

4. The Court of Appeals found it unnecessary to consider whether Czaplicki could maintain this suit, because it was held barred in any event on account of laches. The only reason given for this holding was that both the New York and New Jersey statutes of limitations, the two that might be applicable, had run. It is well settled, however, that laches as a defense to an admiralty suit is not to be measured by strict application of statutes of limitations; instead, the rule is that "the delay which will defeat such a suit must in every case depend on the peculiar equitable circumstances of that case." *The Key City,* 14 Wall. 653, 660. In cases where suit has been brought after some lapse of time, the question is whether it would be inequitable, because of the delay, to enforce the claim. *Holmberg* v. *Armbrecht,* 327 U. S. 392, 396; *Southern Pacific Co.* v. *Bogert,* 250 U. S. 483, 488–489. "Where there has been no inexcusable delay in seeking a remedy and where no prejudice to the defendant has ensued from the mere passage of time, there should be no bar to relief." *Gardner* v. *Panama R. Co.,* 342 U. S. 29, 31. This does not mean, of course, that the state statutes of limitations are immaterial in determining whether laches is a bar, but it does mean that they are not conclusive, and that the determination should not be made without first considering all the circumstances bearing on the issue.

In this case, the District Court never passed on the defense of laches, which although properly put in issue was made irrelevant by the holding that, because of the statutory assignment of his right of action, Czaplicki could not maintain this action. Not only was there no decision on laches, but there was never an opportunity

for Czaplicki to introduce evidence to justify the delay, since the suit was dismissed after preliminary hearings and argument on the issue of Czaplicki's "standing."

When the case reached the Court of Appeals, therefore, the record was incomplete on the issue of laches. There is nothing in the record to show that Czaplicki was given any more opportunity in the Court of Appeals to explain the delay than he had been given in the District Court.[15] The only "finding" made by the Court of Appeals [16] was that the running of the statutes of limitations constituted laches, and that, as we have stated, was insufficient. From all that appears, Czaplicki may have failed to bring suit earlier because he relied on the assignee of the right of action to enforce what was presumably an interest common to both of them. The record does not disclose when Czaplicki discovered the assignee's conflicting interest, or whether there has been unjustifiable delay since that discovery. Nor has there been opportunity to prove the statement, made in an affidavit to the District Court, that the delay has in no way prejudiced the respondents. These are questions on which the parties should have been allowed to present evidence. The present record is inadequate to justify a holding that this action was barred by laches.

Since "the existence of laches is a question primarily addressed to the discretion of the trial court," *Gardner* v. *Panama R. Co., supra,* at p. 30, we remand the case to the District Court for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

---

[15] In his petition for rehearing to the court below, Czaplicki asked for "an opportunity to prove the facts which would negative laches," although he did not attempt to set forth the facts on which he expected to rely. The petition was denied without opinion.

[16] Cf. Admiralty Rules, No. 46½.

Mr. Justice Frankfurter, concurring.

The disposition of a case is of prime importance to the parties. How a result is reached concerns the rational development of law. I agree with the Court's disposition of this case, but I would dispose of the main issue—the nature of Czaplicki's interest that survives his acceptance of compensation under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, as amended, 52 Stat. 1164, 33 U. S. C. § 901 *et seq.*—on the basis of the analysis made in *United States Fidelity & Guaranty Co.* v. *United States,* 152 F. 2d 46, 48. The reasoning of that case seems to me to carry out the scheme of the legislation with appropriate consistency.

> "So far as concerns the tortfeasor's liability to the employee beyond the amount of workmen's compensation, no agreement between the tortfeasor and the employer can prejudice the employee, because, although it is true that, by accepting compensation, the employee assigns his claim against the tortfeasor to the employer or insurer, the assignee holds it for the benefit of the employee so far as it is not necessary for his own recoupment. The assignee is in effect a trustee, and, although it is true that the statute gives him power to compromise the whole claim, he must not, in doing so, entirely disregard the employee's interest." 152 F. 2d 46, 48.

Although this suit was brought directly against the tortfeasor, the Court directs that Travelers, the subrogee insurer, should be made a party. Since I deem the proper theory on which Czaplicki may recover despite his compensation award to be Travelers' fiduciary responsibility, I would direct reconstruction of this proceeding so that it should be against Travelers, while the vessel would be retained as a party.