Thomas **FINLEY**, Libellant-Appellant,

v.

**UNITED STATES** of America, Respondent,

**Todd Shipyards Corporation,** Impleaded Respondent.

No. 12087.

United States Court of Appeals Third Circuit.

Argued Feb. 7, 1957.

Decided May 13, 1957.

William R. Brennan, Jr., Garden City, N. Y. (Francis McInerney, Jersey City, N. J., Michael E. Hanrahan, New York City, on the brief), for libelant-appellant.

Joseph M. Cunningham, New York City (Chester Weidenburner, U. S. Atty., for the District of New Jersey, Newark, N. J., Kirlin, Campbell & Keating, New York City, on the brief), for respondent.

Brause, Callaghan & Koenig, Newark, N. J., on the brief, for third-party respondent-impleaded.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

STALEY, Circuit Judge.

Nearly a decade of litigation has preceded this appeal in admiralty. It was on May 19, 1947, that appellant Thomas Finley was seriously injured while pursuing his duties as a welder aboard the S.S. Neosho, a vessel owned by the United States. Marine Transport Lines, Inc., was the general agent of the United States engaged to perform shoreside husbanding services on the Neosho. Finley was employed by the Todd Shipyards Corporation, which had contracted with the United States to make certain repairs on the vessel in drydock on the Hudson River at Hoboken, New Jersey.

Appellant's original attorneys began two actions in his behalf in the state courts of New Jersey in May of 1948. These actions were brought against the wrong defendants and complaints were never filed. The lack of progress of his injury claim prompted appellant to seek the advice of his present counsel, who filed an action on November 30, 1949, in the Supreme Court of New York against the Marine Transport Lines, Inc., the general agent of the United States. This action was removed to the United States District Court for the Southern District of New York, where the complaint was dismissed on the authority of Cosmopolitan Shipping Co. v. McAllister, 1949, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692.

The situation of a general agent operating and controlling a vessel of the

United States created uncertainty among litigants as to which party would be the appropriate defendant in maritime actions. Appellant here and many other litigants chose to bring suit against the general agent, relying on Brady v. Roosevelt S.S. Co., 1943, 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471, and Hust v. Moore-McCormack Lines, Inc., 1946, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534. However, in Cosmopolitan Shipping Co. v. McAllister, supra, the Supreme Court decided that the general agent would not be liable for the negligence of the civil-service master and crew employed by the United States. Many pending actions brought against general agents were dismissed, and litigants seeking the alternative remedy against the United States found themselves barred by the two-year limitation in the Suits in Admiralty Act, 46 U.S.C.A. § 745. To correct this inequitable dilemma and to provide a remedy for those with meritorious claims, Congress enacted an amendment to the Suits in Admiralty Act, 46 U.S.C.A. § 745, which reads in part as follows:

" * * * the limitations contained in this section for the commencement of suits shall not bar any suit against the United States brought hereunder within one year after December 13, 1950, if such suit is based upon a cause of action whereon a prior suit in admiralty or an action at law was timely commenced and was or may hereafter be dismissed solely because improperly brought against any person, partnership, association, or corporation engaged by the United States to manage and conduct the business of a vessel owned or bareboat chartered by the United States or against the master of any such vessel * * *."

It was pursuant to this amendment and within one year from its enactment that appellant's present action was brought on April 16, 1951, against the United States. Two conditions must be fulfilled before a party may avail itself of this remedial amendment: (1) the prior action against the general agent must have been "timely commenced," and (2) it must have been dismissed solely because it was brought against the wrong defendant. There is no dispute here that the second condition was satisfied.

The precise legal issue, then, is whether appellant's action against Marine Transport Lines, Inc., the general agent, brought some two and one-half years after the injury, was "timely commenced" within the meaning of the amendment. The district court, relying on Sladich v. United States, D.C.S.D.N.Y.1951, 102 F. Supp. 461, concluded that an action is "timely commenced" only if it was brought against the general agent within the two years within which an action could have been brought against the United States. This statutory interpretation imports into Congressional intent a desire somehow to impose the limitation of the Suits in Admiralty Act upon actions involving only the general agent. We think this is plainly an erroneous construction.

The timeliness of the action brought against the general agent must be determined by those considerations traditionally accorded to maritime causes of action between private parties. The amendment states simply that the prior action must be "timely commenced." No indication is given that this timeliness is to be measured by the two-year limitation in the Suits in Admiralty Act, which was intended to apply only to actions against the United States. The Senate Report explains the scope of the amendment: "The cases to be affected are those where *timely suits against Government agents* have been dismissed solely because improperly brought against the agent." (Emphasis supplied.) Sen.Rep. No. 1782, 81st Cong., 2d Sess., 2 U.S.Cong.Serv.1950, 4209. The wording of the amendment and the accompanying committee report indicate that the timeliness of the action against the general agent is to be decided by the considerations which would have been contemplated if the defense of

untimeliness had been raised in the prior action itself. This conclusion is supported by Cohen v. United States, 2 Cir., 1952, 195 F.2d 1019, where a seaman sued the general agent in the prior suit more than two years after the injury. It was held that that action was timely commenced in view of the fact that the limitation under the controlling Jones Act section was three years. Thus, the timeliness of the action against the United States was determined by considering factors which would have barred the prior action, and not by the application of the two-year period of the Suits in Admiralty Act.

In its argument before this court, the United States does not rely on the position taken by the district court. Rather, it contends that the action against the general agent was not "timely commenced" even if measured by the criteria which would have been applied there. It argues that Section 13 of the New York Civil Practice Act would require the application of the New Jersey two-year statute of limitations (N.J.S.A. 2A:14–2) to the action against the general agent, since the cause of action arose in New Jersey. In short, the United States would have us mechanically apply the statute of limitations to bar a maritime cause of action as untimely.

 The facts involved in this appeal present a problem maritime in its nature. The applicability of admiralty principles compels us to test the timeliness of the general agent action not by an arbitrary enforcement of the statute of limitations, but rather by the equitable doctrine of laches. While the analogous statute of limitations may be used as a yardstick, passage of time alone will not bar an action for a maritime tort if the delay is excusable and the defendant is not prejudiced thereby. Kane v. U. S. S. R., 3 Cir., 1951, 189 F.2d 303, certiorari denied 1952, 342 U.S. 903, 72 S. Ct. 292, 96 L.Ed. 676; Gardner v. Panama R. Co., 1951, 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31; Czaplicki v. The Hoegh Silvercloud, 1956, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387.

When Congress made the timeliness of the action against the general agent a prerequisite to bringing suit against the United States under 46 U.S.C. § 745, it raised the issue of laches in those cases in which the general agent action was brought after the analogous statute of limitations had run. The disposition of the district court made it unnecessary for it to decide the question of laches. It is our opinion that the presence or absence of laches in the action against Marine Transport Lines, Inc., should have been decided by the district court as the determinative issue in this case. See Czaplicki v. The Hoegh Silvercloud, 1956, 351 U.S. 525, 533–534, 76 S. Ct. 946, 100 L.Ed. 1387.

The decree of the district court dismissing the libel will be reversed and the cause remanded to determine the issue of laches as to the general agent action, and for further disposition not inconsistent with this opinion.