German CASTRO, Libelant,

v.

UNITED STATES of America, Respondent.

No. 20–63.

United States District Court
D. Puerto Rico,
San Juan Division.

June 30, 1964.

Nachman & Feldstein, San Juan, P. R., for libelant.

Francisco A. Gil, Jr., U. S. Atty., San Juan, P. R., for respondent.

RUIZ-NAZARIO, Chief Judge.

In this suit libelant was a longshoreman employed by Caribe Shipping Company, Inc., a stevedoring contractor. While working aboard a government vessel that was offloading cargo at the Army Pier in San Juan Bay he was injured, and following his accident he received compensation payments under the Longshoremen's and Harbor Workers' Act, 33 U.S. C.A. § 901 et seq. The employer's insurance carrier is Commercial Insurance Company. The longshoreman, after more than six months had elapsed from the date of the award, filed the present third party suit against the United States. No third party suit has been filed by the employer or the insurance carrier, who became subrogated to all the rights of the employer under Section 933(b) of Title 33 U.S.C.A.

The United States has filed an affirmative defense alleging that the suit is outlawed under Title 33 U.S.C.A. § 933(b) as it was not instituted within the six months after the acceptance of compensation by the longshoreman.

Section 933(b) reads as follows:

"Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award."

Libelant by exception has moved to strike said defense.

Much emphasis has been placed by the government on the six months' provision introduced into the section by way of amendment on August 18, 1959, and it is urged that the reasoning of Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387, is no longer controlling, as that case was decided on the former provision that assignment was automatic on acceptance of the award. With this I do not agree. Although then the assignment took place automatically with acceptance of the award, and now it takes place automatically, or statutorily if the latter term be more pleasing, six months later, the status of the assignment as an *assignment,* is not different, and once the six months' provision is seen in its correct light, that is, simply as an extension of time so that it means only that the employer, instead of being in position to sue upon acceptance of the award, must wait six months (during which the employee may or may not sue) before commencing its suit, there is no difficulty in reaching the conclusion that, given a case of conflict of interest, the Czaplicki doctrine is controlling.

As in Czaplicki, under the government's theory, libelant's rights of action

would be held by the party most likely to suffer if his rights of action are successfully enforced. As in Czaplicki, libelant here has an interest in his right of action after it has been statutorily assigned.

As in Czaplicki, the statute, despite the six months' provision, necessarily presupposes that the assignee's interest will not be in conflict with those of the employee, and that through action of the assignee the employee will obtain his share of the proceeds of the right of action if there is a recovery.

Here the statute of limitations had almost run without any action by the employer's subrogee Commercial Insurance Company, whose interest as assignee—carrier clearly conflicts with that of the longshoreman. And again, as in Czaplicki, in the "peculiar facts here there is no other procedure by which he can secure his statutory share in the proceeds, if any, of his right of action" (pages 532–533 of 351 U.S., page 951 of 76 S. Ct.).

Therefore, the seventeenth paragraph of the answer is ordered stricken.