**Richard WHITE, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Third Party Plaintiff,**

v.

**JACKSONVILLE SHIPYARDS, INC., Third Party Defendant-Appellant.**

No. 74–1385.

United States Court of Appeals, Fifth Circuit.

Feb. 12, 1975.

Rehearing Denied March 10, 1975.

John E. Houser, Jacksonville, Fla., for third party defendant-appellant.

Steven A. Werber, Carl M. Stewart, Jacksonville, Fla., Bill J. Sanders, Beaumont, Tex., for plaintiff-appellee.

Before GEWIN, AINSWORTH and GEE, Circuit Judges.

GEE, Circuit Judge:

Appellee White, injured when a lamp exploded aboard the USS SARATOGA sued Appellee United States as vessel owner asserting unseaworthiness. It, in turn, brought in Appellant Jackson Shipyards, Inc. (Shipyards), White's employer and the owner of the lamp, as third-party defendant. Behind these straightforward matters lies, however, a complicating prequel.

White had received compensation under the Longshoremen's and Harbor Workers' Act (LHWA) which provides as to claims against any third person thought to be liable in damages:

Acceptance of such compensation . . . shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award. 33 U.S.C. § 933(b).

White commenced no action within the six-months period, and Shipyards instructed its attorneys to prosecute White's claim as statutorily assigned to it. They sued the manufacturer of the light in negligence and implied warranty. In the interim, unknown to Shipyards, White had instituted this action on the admiralty side against the United States. When hailed in here as a third-party defendant, Shipyards interposed its statutory assignment by way of defense, suggesting that it alone was the proper plaintiff.[1] Suffering an adverse ruling, it brings this appeal.

The plain words of 933(b) come to us with a gloss. Czaplicki[2] divines a congressional intent to permit the injured "assignor" to prosecute his claim where a conflict of interest as to *the* defendant and inaction on the part of the "assignee" exist. We have already held that the Czaplicki doctrine survived the 1959 amendments to the LHWA, amendments which abolished the former election requirement of 933(a) and granted the employee the present statute's six-months' leeway. McClendon v. Charente Steamship Co., 348 F.2d 298 (5th Cir. 1965). The case at bar requires us to apply present § 933 to a situation which, if it occurred to the Congress, was confided to the courts for resolution by a resounding statutory silence: What happens if, as here, the statutory assignee has a conflict of interest (and fails to act) as to

1. Shipyards filed its answer to the third party complaint which not only contained a general denial of White's complaint but also set out the affirmative defense of contributory negligence and "operational negligence." Paragraph 6 of Shipyards' answer asserted its right to file suit for recovery of injuries to White based upon the statutory assignment of 33 U.S.C. § 933(b). White moved to strike Paragraph 6 of Shipyards' answer because of a conflict of interest. The district court granted the motion, and it is from that order that this appeal is taken.

2. Czaplicki v. Hoegh Silvercloud, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956).

one likely defendant but has no adverse interest as to (and sues) another? Is there a statutory assignment of the cause which the assignor sued on, of that he did not sue on also, or of neither?

■ Strictly speaking, our inquiry here is confined to the proper treatment of the cause presenting a conflict of interest and not sued on, for that is our case. Some limited consideration of the other instances is necessary, however, lest we reduce the general area to a shambles in order to tidy one corner. As to the cause here on appeal, little or no extension of the *Czaplicki* and *Charente* rationales is required to determine that it was properly brought by White. *Czaplicki* recognizes a continuing, practical interest of the employee in his assigned claim, authorizing him to enforce it rather than see it wear away in hostile hands. *Charente* discerns no reason in benefitting the third party by insuring that a perhaps-just claim against him is thus stifled. The observations apply with undiminished force to White's claim against the United States. He must be permitted to maintain it.

■■ On the other hand, this by no means requires that Shipyards be ousted from pursuit in White's and its own behalf of his claim against the lamp-maker, or from its congressionally-granted bounty for bringing suit. It is true that no duplicating recovery of damages for the same injury may be had.[3] And it is possible that procedural pitfalls for the unwary lie along the way. See, e. g., Prosser, Torts 267–8 (3d Ed. 1964). Nevertheless, if we are to give effect to the apparent congressional purposes both to permit the employee to enforce his own claim when it comes to rest in doubtful hands, but at the same time to encourage the employer-assignee to pursue such actions over as he will, our choice is clear.

Affirmed.

3. *Cf.* Gill v. United States, 429 F.2d 1072, syl. 11 (5th Cir. 1970).