**Raphael LaGARES, Plaintiff,**

v.

**GOOD COMMANDER SHIPPING CO., Defendant.**

No. 78 Civ. 1207.

United States District Court, S. D. New York.

April 16, 1980.

Zimmerman & Zimmerman, New York City, for plaintiff; Edward D. Lory, New York City, of counsel.

Lilly, Sullivan & Purcell, P. C., New York City, for defendant; Thomas E. Stiles, New York City, of counsel.

## MEMORANDUM AND ORDER

KNAPP, District Judge.

Before us is defendant's motion to reconsider an earlier decision of ours and dismiss a maritime personal injury action on grounds of laches. For reasons set forth in this opinion, the motion is granted, and the action is accordingly dismissed with prejudice.

Plaintiff, a longshoreman, claims to have been injured on December 18, 1974, while performing stevedoring work on a vessel owned by defendant while said vessel was docked at a pier on the East River in New York City. The action was commenced on March 17, 1978—that is, three years and three months after the date of the alleged injury—with the filing of the complaint by plaintiff's counsel. Plaintiff has not offered any explanation or excuse for having waited more than three years before initiating this lawsuit. However, in an affidavit filed September 28, 1978, plaintiff's counsel stated that his firm had been consulted by plaintiff in this matter on October 7, 1977, *i. e.*, five months and ten days before the complaint was filed.

Defendant has moved to dismiss the action on a number of grounds including laches.[1] Specifically, defendant argues that

---

**12.** The Court has under consideration a petition for attorney's fees, § 617.

**1.** Since we dismiss on grounds of laches, we do not have occasion to consider defendant's other grounds for dismissal.

while Congress has not enacted a statute of limitations for cases of this kind, it is incumbent upon plaintiff to establish a legally sufficient excuse for his failure to commence the action within the time set by the analogous state statute of limitations. In the present case, the analogous state statute in question is New York Civil Practice Law and Rules § 214(5) which provides that actions for personal injury must be commenced within three years.

By memorandum and order dated December 13, 1978 we denied an earlier motion by defendant to dismiss on grounds of laches. At that time we believed that the case at bar was controlled by Judge Oakes' opinion in *Hill v. W. Bruns & Co.* (2d Cir. 1974) 498 F.2d 565 in which there is no reference to any requirement that a plaintiff must justify his failure to initiate a maritime personal injury action within the time set by the analogous state statute. In that case, Judge Oakes observed only (at 568) that in order to establish the defense of laches, a defendant must have been prejudiced by the delay, and that it is the defendant who has "the burden of adducing evidence" as to such prejudice.

The opinion in *Hill* appeared to us to change the rule set forth for this Circuit by Judge Friendly's opinion in *Larios v. Victory Carriers, Inc.* (2d Cir. 1963) 316 F.2d 63, 66 that upon the expiration of the analogous state statute of limitations, a plaintiff must provide some reason or excuse for the delay, and that "if the plaintiff proffers no pleading or presents no proof on the issue of laches, the defendant wins." In other words, it appeared to us that we were precluded in the aftermath of *Hill* from considering plaintiff's excuse or lack thereof for the delay in determining whether or not to apply the equitable doctrine of laches.

Shortly after the filing of our December 13 opinion, the Court of Appeals for this Circuit in *Public Administrator of the County of New York v. Angela Compania Naviera, S. A.* (2d Cir. 1979) 592 F.2d 58 cleared up some of the ambiguity that seemed to us to have been created by the decision in *Hill* by specifically stating that

one of the questions to be determined was "whether there existed satisfactory excuse for the delay in bringing the case of action." Thus, speaking through Meskill, J., the court held (at 63):

"The timeliness of an action brought under the general maritime law is to be determined under the doctrine of laches, the doctrine 'immemorially applied to admiralty claims,' *Moragne [v. States Marine Lines], supra,* 398 U.S. [375] at 406, 90 S.Ct. 1772 [at 1790, 26 L.Ed.2d 339 (1970)]. '[T]he existence of laches is a question primarily addressed to the discretion of the trial court.' *Czaplicki v. The Hoegh Silvercloud,* 351 U.S. 525, 534, 76 S.Ct. 946, 952, 100 L.Ed. 1387 (1956), *quoting Gardner v. Panama R. Co.,* 342 U.S. 29, 30, 72 S.Ct. 12, 96 L.Ed. 31 (1951). The questions to be answered in the exercise of that discretion are whether there existed satisfactory excuse for the delay in bringing the cause of action and whether allowing the action to go forward despite the delay would unfairly prejudice the defendant. These questions are to be evaluated in light of the 'peculiar equitable circumstances' of the case. *Czaplicki, supra,* 351 U.S. at 533, 76 S.Ct. 946."

Consequently, in the words of now Chief Judge MacMahon of this District, "under *Larios* this action would be barred automatically; under *Hill* we must focus on prejudice; under *Public Adm'r* both factors must be considered in general, but it is unclear whether the *Larios* rule still operates to bar the action where the statute has run and the plaintiff has offered no excuse for the delay." *De Monte v. Shipping Corp. of India, Ltd.* (S.D.N.Y.1979) 476 F.Supp. 392, 396.

In an "Affirmation in Apposition [*sic*]" filed November 16, 1979, plaintiff's counsel has taken the position that he is under no obligation to put forward any excuse for the delay, but that the court must decide the laches issue based exclusively on whether or not defendant has been prejudiced by the delay. We disagree. In view of the spirit of *Public Administrator, supra,* it is

our view that the *Larios* rule has not been overruled. However, we also appreciate Judge MacMahon's well-founded observation that this particular issue was not squarely decided by the court in *Public Administrator*. Accordingly, while we believe that the action should be dismissed under the *Larios* rule, we shall also examine defendant's position that it has, in fact, been prejudiced by the delay.

In an affidavit attached to defendant's original motion to dismiss, filed September 6, 1978, defendant's counsel asserted that:

> "the defendant certainly has been prejudiced by the passage of time. There have been changes in the crew of the vessel; memories of witnesses will necessarily be less than they would have been, had the action been commenced earlier; there is no way for the defendant to determine exactly which equipment was involved, nor is there any chance that the defendant will be able to ascertain the condition of that equipment on December 18, 1974."

We believe that these various examples of how defendant claims to have been prejudiced—especially the last mentioned—when taken together require us to apply the equitable doctrine of laches. It is self-evident that the passing of time will almost inevitably be prejudicial to any defendant. In enacting statutes of limitations, legislatures set forth what they deem to be the appropriate periods of time within which actions may be initiated, that is to say how much prejudice a defendant must be prepared to absorb in order to give a plaintiff adequate opportunity to get his act together and commence his action. Defendants must, therefore, be prepared to answer charges brought against them at any time before the end of such periods, but it is clearly to their advantage if actions are brought early rather than on the last day. This seems to us to have been the basis for Judge Friendly's reasoning in *Larios*.

Consequently, in applying the doctrine of laches in admiralty cases such as the one at bar, we do not believe that we should require a defendant to demonstrate that it was prejudiced by the delay following the running of the analogous state statute of limitations. It seems to us to be sufficient if such defendant can show that it has been prejudiced by the entire period of time in question. In the case before us, defendant has sustained this burden.

Finally, we note that plaintiff, however uneducated or naive he might be, had the benefit of the advice of counsel experienced in admiralty personal injury law two months and ten days prior to the running of the three-years period. Thus, if plaintiff could establish that he had a meritorious cause of action had it not been time barred, he might well have a malpractice claim against his counsel for not proceeding until more than five months after first being consulted.

Defendant's motion is granted, and plaintiff's action is dismissed with prejudice.

SO ORDERED.