OPINION OF THE COURT
Edward J. Greenfield, J.
Defendant shipowner, Sun Export, moves and codefendant, Weeks Crane, cross-moves to dismiss the action brought against them by a longshoreman on the ground that the action was not commenced within six months after plaintiff settled a compensation claim filed by him against his employer pursuant to the Longshoremen’s and Harbor Workers’ Compensation Act (LHWCA) (US Code, tit 33, § 901 et seq.).
Defendants contend that under section 933 of the LHWCA (US Code, tit 33, §933, subds [b], [h]), a longshoreman’s right to recover damages against a shipowner is assigned to his employer, or to his employer’s insurer in subrogation, if an action against the shipowner is not *275 commenced by the longshoreman within six months after accepting compensation under an award in a compensation order.
In opposition, plaintiff asserts that the employer ratified the plaintiff’s commencement of the action in his own name, waived any right to bring an action and agreed to be bound by the result. Plaintiff, therefore, contends that his suit is viable and should not be dismissed.
In Rodriguez v Compass Shipping Co. (451 US 596) relied upon by defendants, the court held that once there is an acceptance of compensation pursuant to an award in a compensation order and the passage of the six-month period, the statutory assignment is triggered. “When the § 33(b) [US Code, tit 33, § 933, subd (b)] assignment occurs, it transfers the employee’s entire right to commence a third-party action to the employer” (451 US, p 603).
The court noted that the 1959 amendments to the LHWCA did nothing to preserve the employee’s right to commence a third-party suit after expiration of the six-month period (but see Czaplicki v Hoegh Silvercloud, 351 US 525), and stated that “[ajlthough the amendments encourage employers to pursue assigned claims, they do not qualify the assignee’s control of the cause of action after the assignment takes place. * * * [T]he legislative history indicates that once the 6-month period expires, the employer possesses complete control of the third-party claims” (Rodriguez v Compass Shipping Co., 451 US 596, 611-612, supra).
The complete power of control exercisable by the employer includes the power to reassign the case back to the injured employer (Caldwell v Ogden Sea Transp., 618 F2d 1037).
In Caldwell, the court, using its equitable powers fashioned a mechanism whereby an employee could proceed to compel a formal reassignment of the right of action in those circumstances where it becomes manifest that the assignee, with knowledge of its exclusive right to control and prosecute the claim, nevertheless declines to do so for any reason.
In its Rodriguez opinion (451 US 596, 612-614, supra), the court criticized the Caldwell court finding that the *276 mechanism created by the Fourth Circuit was unsupported by any evidence that Congress created either the substantive right itself or the procedural rights set forth in the opinion.
However, in this case there has been no compulsion; no mechanism was employed to force the assignee to reassign. It is clear that under Rodriguez the employer, as statutory assignee, is free to institute suit or refuse to institute suit as it sees fit. It is also free to reassign or ratify an action brought by its employee. (See Miller v Wells Fargo Bank Int. Corp., 540 F2d 548.)
Such an assignment does not violate the rule forbidding the assignment of personal injury claims (see General Obligations Law, § 13-101, subd 1) since the reassignment revests in the LHWCA claimant the exclusive right to maintain action on the third-party claim in protection of his own and the employer’s beneficial interest (see Caldwell v Ogden Sea Transp., 618 F2d 1037, 1047, supra).
Accordingly, the motion is denied.