Guiseppe SUSINO and Dorothy Susino, his wife, Plaintiffs,

v.

HELLENIC LINES LTD., Defendant.

No. 80–CV–2040.

United States District Court, E.D. New York.

Dec. 7, 1982.

Nicholas Scibilia, Brooklyn, N.Y., for plaintiffs.

Zock, Petrie, Reid & Curtin by Martin E. Coffey, New York City, for defendant.

## DECISION AND ORDER

BRAMWELL, District Judge.

### INTRODUCTION

On August 29, 1977, Guiseppe Susino, the plaintiff, was injured while working as a longshoreman aboard the Hellenic Grace, a vessel owned by the defendant. The defendant, as per its usual practice, functioned in a dual capacity. On the one hand Hellenic was the owner of the ship on which the injury was sustained and on the other it was the direct employer of the plaintiff in its capacity as stevedore employer. On May 3, 1978, the plaintiff received his final compensation award from Hellenic, acting in its capacity as stevedore-employer. In November of 1979, Service of Summons was made upon the defendant instituting the present action for personal injuries.[1] The defendant maintains that because of this gap of 18 months between the final compensation award and the commencement of this action, this suit is barred by virtue of the provision in Title 33, Section 933(b) of the Longshoremen's and Harbor Workers' Compensation Act (1978) which requires a longshoreman to commence a suit against a shipowner within six months after an award in compensation.[2] The defendant submits that because of this it is entitled to a dismissal of the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively, summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

In order to arrive at a decision, it is necessary to briefly outline the provisions of the Longshoremen's and Harbor Workers' Compensation Act (LHWCA). 33 U.S.C. 901 *et seq.* (1976).

---

1. This action was instituted in Kings County Supreme Court on November 2, 1979. On July 25, 1980, the case was removed to this court.

2. Section 933(b) provides in pertinent part, "Acceptance of such compensation . . . shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award."

## THE ACT

As the Supreme Court stated in *Rodriguez v. Compass Shipping Co., Ltd.,* 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981) Congress' purpose in enacting section 933(b) was to provide an injured longshoreman with a period of six months after settlement with his employer within which to decide, in light of the settlement amount, whether or not to sue a third party for its negligence. This allows the longshoreman to wait until he is fully apprised of all the circumstances surrounding his case in order that he make an intelligent and knowing decision. 101 S.Ct. at 1955.

By the provisions of this same statute, once this six month period has expired without an action being commenced, the longshoremen's right to sue the third party is automatically assigned to his employer. Under this provision a successful recovery by the stevedore-employer would be applied toward reimbursement of the compensation award made by it to the longshoreman, with 20% of any remaining balance being retained by the stevedore-employer and 80% going back to the stevedore himself. 33 U.S.C. 933(e).[3] Thus, the stevedore stands to gain from any possible suit against the third party, even if he himself does not bring the action.

In light of these provisions the problem presented by this case is clear. Mr. Susino did not commence an action within the requisite six months thus giving his employer, Hellenic, the right, in effect, to sue itself. The question now to be decided is, faced with such an obvious and serious conflict of interest, may the stevedore retain his right to sue notwithstanding the passage of six months.

This precise issue does not seem to have been passed on by the courts. The decision most closely analogous to the present case is that of the Supreme Court in *Czaplicki v. The Hoegh Silvercloud,* 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956). In *Czaplicki,* the stevedore's employer was insured by the same insurance company that insured the third party being sued. The Supreme Court held that because of this conflict of interests, Czaplicki was the only person who had the required adverse interest to bring suit since the insurance company would not be likely to sue itself. Accordingly, Czaplicki was given the right to sue in his own name despite the expiration of the six month statutory period.

Since *Czaplicki,* the admiralty law of this county has undergone many changes. The LHWCA itself has been significantly amended, but in all this time *Czaplicki* has never been explicitly overruled by the Supreme Court.

The significant changes in the LHWCA are basically twofold. The 1959 amendment to the LHWCA postponed assignment of the longshoreman's claim for six months. Pub.L. 86–171, 73 Stat. 391 (1959). At the time of *Czaplicki,* the right to sue the third party would automatically be transferred to the longshoreman's employer upon payment of the compensation award. By contrast, the longshoreman now has six months after the award in which to make his decision. The 1959 amendment further provided an incentive for the assignees to prosecute the claims by giving them twenty per-cent of any excess recovery. 33 U.S.C. 933(e). The 1972 amendment to the LHWCA abolished the breach of warranty claims against em-

---

**3.** Section 933(e) provides in pertinent part,

"Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:

(1) The employer shall retain an amount equal to—

(A) the expenses incurred by him in respect to such proceedings or compromise (including a reasonable attorney's fee as determined by the 'deputy commissioner or Board);

(B) the cost of all benefits actually furnished by him to the employee under section 907 of this title;

(C) all amounts paid as compensation;

(D) the present value of all amounts thereafter payable as compensation, . . .

(2) The employer shall pay any excess to the person entitled to compensation or to the representative, less one-fifth of such excess which shall belong to the employer.

ployers by shipowners that were then available under *Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956) and *Reed v. The Yaka*, 37 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963). Pub.L. 92–576, 86 Stat. 1262 (1972). The *Ryan* holding had created a conflict between the employer's interest in recouping the compensation it had paid to the longshoreman and its interest in avoiding the risk of being assessed much greater damages as an indemnitor. Thus the 1972 amendment removed a serious disincentive to suits by the assignee.

While these amendments may have undercut some of the rationale behind *Czaplicki*, they did not abrogate it completely. Thus, the question of the viability of *Czaplicki* in a situation where there is a demonstrable conflict of interests is still open. To be sure the Supreme Court made clear in *Rodriguez* that it was not deciding whether *Czaplicki* still retained validity. 101 S.Ct. at 1957. The Court did state quite clearly, however, that what was being overruled was the idea that a conflict of interest may be presumed any time an employer chooses not to sue on an assigned claim. *Id.* at 1958. It stated that this alone could not be the basis for a reinvestment of the right to sue in the original claimant. *Id.* The *Rodriguez* Court rejected the presumption as "simply untenable in light of the plain statutory language and the history of the 1959 and the 1972 amendments." *Id.* However, the Court went on to state that "we leave for another day the question whether an assignment under § 33(b) will bar a longshoreman's third-party action if there is specific evidence of a serious conflict of interest . . ." *Id.* It is clear to this court that this is just such a case as the Supreme Court contemplated.

## CONFLICT OF INTEREST

Unfortunately, the authority on this precise point seems to be scant. In *Duris v. Erato Shipping, Inc.*, 684 F.2d 352 (6th Cir. 1982) the Sixth Circuit seemed reluctant to allow the plaintiff to lose his right to sue in the light of a conflict of interest. The employer-assignee in that case depended to a significant degree upon the shipowner for future business making it unlikely that the assignee would enforce the rights of its injured employee. 684 F.2d at 355. The case was, however, decided on different grounds.[4] In any event the conflict of interest in the present case would appear to be much stronger.

In this circuit, the case of *Del Re v. Prudential Lines, Inc.*, 669 F.2d 93 (2d Cir. 1982) seems to stand out in this area. *Del Re*, like *Rodriguez* before it, involved a situation where the conflict of interest was not as pronounced as the present case. In that case the Second Circuit rejected the idea that the right to sue reinvests in the longshoreman simply because his employer chooses not to sue, but in so doing it accepted the Supreme Court's statement in *Rodriguez* that when an actual conflict of interest exists, *Czaplicki* might still be good law. 669 F.2d 96.

Many courts have mentioned *Czaplicki* since its inception and, while there has not been an unequivocal declaration of its validity, neither has it been overruled, or even seriously criticized. *See, e.g., Dicks v. Cleaver*, 433 F.2d 248 (5th Cir.1970), *McClendon v. Charente Steamship Co. Ltd.*, 348 F.2d 298 (5th Cir.1965), and *Rhodes v. Donohoe Construction Co.*, 527 F.Supp. 596 (D.D.C.1981).

Faced with a situation more akin to *Czaplicki* than any case since it was decided, this court will rely on it. It is, therefore, the opinion of this court that where, as here, an actual and demonstrable conflict of interests exists between the employer and the third party so that the former could never be expected to sue the latter, the injured longshoreman does not lose his right to sue upon the expiration of the six month statutory period.

---

4. The *Duris* Court's holding was based on the premise that the assignment provision of section 33(b) was not triggered as there was no formal award but only a voluntary receipt of compensation benefits.

Accordingly, the defendant's motion to dismiss pursuant to Rule 12(b)(6) is hereby DENIED as is the alternative motion for summary judgment under Rule 56.

IT IS SO ORDERED.