**In re Petition of ABC CHARTERS, INC., as Owner of the vessel PENNY, for Exoneration from or Limitation of Liability.**

**Doris WEYER, Plaintiff,**

v.

**ABC CHARTERS, INC., a Washington corporation; Penn Yan Boats, Inc., a New York corporation; and Kathleen Shaw, the Personal Representative of the Estate of Ian A. Shaw, Defendants.**

No. C81–1220B.

United States District Court, W.D. Washington, at Seattle.

Jan. 27, 1983.

Michael H. Williamson, and Rodney Q. Fonda, Seattle, Wash., for plaintiff ABC Charters, Inc.

Scott E. Stafne, Seattle, Wash., for plaintiff Doris Weyer.

Thomas J. Collins, Seattle, Wash., for defendant Penn Yan Boats, Inc.

W. Craig Smith, Seattle, Wash., for Estate of Ian A. Shaw.

Robert Sieh and John W. Hathaway, Martin P. Detels, Jr., Seattle, Wash., for defendant Kathleen Shaw.

ORDER DENYING SUMMARY JUDG-
MENT BY ADMINISTRATRIX
OF ESTATE

BEEKS, Senior District Judge.

On March 7, 1981, ABC Charters (ABC) chartered the PENNY, a 28-foot pleasure craft, to Dr. Ian Shaw. Thereafter, Dr. Shaw, accompanied by Doris Weyer, proceeded on the PENNY from Anacortes to Roche Harbor where the vessel berthed for the evening. Subsequently, on the morning of March 9, Dr. Shaw was found dead and Doris Weyer found unconscious on board. The death and injury apparently resulted from carbon monoxide poisoning.

Upon Dr. Shaw's death, his ex-wife, Kathleen J. Shaw, was appointed as the personal representative of his estate. In this capacity, she commenced a probate proceeding in King County Superior Court entitled, *Estate of Ian A. Shaw,* No. 81–4–01261–0. A notice to creditors was filed in the probate proceeding on April 8, 1981 and published on April 9, 1981.

On September 17, 1981, Doris Weyer served a claim for personal injuries on Kathleen Shaw as the personal representative of Dr. Shaw's estate. On October 1, 1981, Doris Weyer's claim was rejected. A copy of that rejection was served on Doris Weyer on October 6, 1981 and filed in the Superior Court on October 5, 1981.

Thereafter, on October 13, 1981, ABC, the vessel's owner, commenced the action herein by filing a petition for exoneration from or limitation of liability. Doris Weyer answered the petition on October 30, 1981 and claimed damages from ABC. In addition, Weyer crossclaimed against Dr. Shaw's estate which subsequently answered and contested the petition. Both claimants filed a third party complaint against Penn Yan Boats, Inc., the vessel's builder.

On October 28, 1982, the estate moved to dismiss Doris Weyer's claims against it on the ground that although she had served notice of her claim upon the estate, she had failed to file her claim against the estate in the state probate action within eighteen months of first publication of notice to creditors as required by Washington law. *See* Wash.Rev.Code §§ 11.40.080, .010–11 (1967 & Supp.1982). Since the laws of the State of Washington require that all creditors' claims against the estate of a decedent be served and filed within four months of the date of first publication of the notice to creditors and within eighteen months of that date in cases involving liability or casualty insurance as to claims against the decedent's estate, the estate argues that any claim Doris Weyer may have had against Dr. Shaw and his estate is now barred as a matter of law. This conclusion is based upon the contention that Doris Weyer's cause of action is not based in admiralty and that state law controls.

Under Federal Rule of Civil Procedure 56(c), summary judgment may be granted only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Whether there are disputed issues of material fact must be viewed in a light most advantageous to the nonmoving party. *Bueno v. United States,* 687 F.2d 318, 319 (9th Cir.1982).

Since *Executive Jet v. City of Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), locality alone has not been a sufficient predicate for establishing maritime jurisdiction. *Perkins v. Marine Terminals Corp.,* 673 F.2d 1097, 1101 (9th Cir.1982). There must be a significant maritime relationship between the claimed negligence and traditional maritime activities. *Foremost Ins. Co. v. Richardson,* —— U.S. ——, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982). Moreover, in *Richardson,* the Supreme Court stated that there was no requirement that "the maritime activity be an exclusively commercial one." *Id.* at 305–06. Viewing the facts in a light most favorable to the nonmoving party, the court is satisfied that admiralty jurisdiction exists with respect to the claim. As the charterer of the vessel, Dr. Shaw was the owner *pro haec vice* and as such owed to all "on board for purposes not inimical to his legitimate interests the duty of exercising reasonable care under the circumstances...." *Ker-*

marec v. Compagnie Generale Transatlantique, 358 U.S. 625, 632, 79 S.Ct. 406, 410, 3 L.Ed.2d 550 (1959). *See generally* Daigle, *Other Non-Seamen Claims Against Ship Owners and Charterers,* 55 Tul.L.Rev. 1104 (1981). Not only was Doris Weyer a guest upon a chartered vessel, but she also sailed on the vessel from Anacortes to Roche Harbor upon navigable waters. *Cf. Montgomery v. Harrold,* 473 F.Supp. 61 (E.D.Mich. 1979) (asphyxiation on board pleasure craft which did not leave dock did not give rise to a maritime cause of action). Although the court is satisfied that Doris Weyer has stated a maritime cause of action, there remains a question of whether Weyer's claim against Dr. Shaw survived the doctor's death.

Historically, maritime law did not permit recovery for wrongful death. *The Harrisburg,* 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886). Furthermore, as construed by the Supreme Court, "maritime law denied survival of causes of action against the deceased tort feasor." *Just v. Chambers,* 312 U.S. 383, 391–92, 61 S.Ct. 687, 692–93, 85 L.Ed. 903 (1941). However, in *Cox v. Ruth,* 348 U.S. 207, 209, 75 S.Ct. 242, 243, 99 L.Ed. 260 (1954), the Supreme Court held that the death of a tort feasor should not defeat recovery under the Jones Act, 46 U.S.C. § 688. In so holding, the court commented upon the "slender basis" for the general admiralty rule against such survivorship and stated:

> [W]e do note that advancing civilization and social progress have brought 43 of our States to include in their general law the principle of the survival of causes of action against deceased tort-feasors, and that such recovery, rather than being exceptional, has now become the rule in almost every common-law jurisdiction.

348 U.S. at 210, 75 S.Ct. at 244.

Subsequently, in *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 409, 90 S.Ct. 1772, 1792, 26 L.Ed.2d 339 (1970), the Supreme Court overruled *The Harrisburg,* and created a uniform federal cause of action for wrongful death under the general maritime law.

Consistent with the principles enunciated in *Moragne,* and guided by the axiom of maritime law that it better becomes the humane and liberal character of proceedings in admiralty to give rather than withhold remedy, when not required to so do by established rules, the court finds a cause of action herein. *See THE SEA GULL,* 21 F.Cas. 909 (No. 12,578) (CC Md.1865); *see generally* G. Gilmore & C. Black, The Law of Admiralty 374 (2d ed. 1975).

 Having so found, the court is not bound by the statutory limitations governing actions brought at law in state courts. *Czaplicki v. SS HOEGH SILVERCLOUD,* 351 U.S. 525, 533, 76 S.Ct. 946, 951, 100 L.Ed. 1387 (1956). If Weyer's claim is to be barred, the bar must be based upon the doctrine of laches which in admiralty depends upon the equitable circumstances of each case. *Sandvik v. Alaska Packers Ass'n,* 609 F.2d 969, 971 (9th Cir.1979). In summarizing the doctrine of laches, this court has stated:

> Laches consists of two elements: unexcusable delay in commencing the action, and prejudice resulting to the other party from such delay. In applying the doctrine of laches, courts analogize to the period provided by state or federal statutes for filing comparable actions. Once the period defined in the analogous statute has expired, plaintiff has the burden of persuasion with respect to the issue of timeliness. Because of the difficulty of proving a negative, however, once plaintiff justifies the delay in commencing the action, defendant must make a showing of prejudice. The court will not presume prejudice merely because the comparable limitation period has expired.

*Sea Quest Marine, Inc. v. Cove Shipping, Inc.,* 474 F.Supp. 164, 167 (W.D.Wash.1979). As a rule, where laches is raised, the factual issues cannot be resolved without some preliminary evidentiary inquiry. *Sandvik v. Alaska Packers Ass'n,* at 974. Reviewing the record herein, it is apparent that the estate had notice of the suit and commenced participation in the litigation prior to the expiration of the analogous statute

of limitation period. To what extent the estate has been prejudiced if at all by Weyer's failure to file a claim in the state court involves material issues of fact which must be determined by trial. Accordingly, the motion for summary judgment of dismissal is denied.