Joseph **MEYER**, Plaintiff,

v.

**MOORE–McCORMACK LINES, INC.,**
Defendant and Third-Party
Plaintiff,

v.

**ARDELL MARINE CORP.,** Third-
Party Defendant.

**No. 73 C 885.**

United States District Court,
E. D. New York.

Jan. 2, 1975.

Sergi & Fetell, Brooklyn, N. Y., for plaintiff.

Hyde, Dickerson & Reilly, New York City, for defendant and third-party plaintiff.

Huber, Kirk & O'Connell, Brooklyn, N. Y., for third-party defendant.

MEMORANDUM and ORDER

BRUCHHAUSEN, District Judge.

The plaintiff moves for an order pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, striking the Fifth, Sixth, and Seventh defenses interposed by the defendant, Moore-McCormack Lines, Inc.

The defendant cross-moves for an order pursuant to said Rule 12(f) striking a portion of paragraph Ninth of the complaint, alleging jurisdiction predicated upon diversity of citizenship, and transferring this action to the admiralty side of the court, without a jury.

This action is for personal injuries, allegedly sustained on October 3, 1968 by the plaintiff longshoreman against the vessel, S. S. Mormacpenn, owned, operated, and controlled by the defendant, Moore-McCormack Lines, Inc. The

plaintiff alleges that he was injured, during his employment, while aboard said vessel. The defendant, shipowner, subsequently impleaded Ardell Marine Corp., the employer of the plaintiff, alleging indemnity over, if the defendant is held liable to the plaintiff.

Both sides have submitted a chronology of events, concerning this suit. The more important facts indicate that the accident allegedly occurred on October 3, 1968 aboard the defendant's vessel. A notice of lien was then served on December 4, 1969 upon the defendant by the compensation carrier. This fact was not listed in the chronology of events, submitted by the defendant. The action was commenced on August 24, 1970 by service of a summons in the New York State Supreme Court, New York County. A notice of appearance was served, together with a demand for the complaint on September 2, 1970. Approximately two years later the complaint was tendered and rejected by the defendant. At the time of this tender there was a pending motion by the defendant to dismiss for failure to serve a copy of the complaint. This motion was granted by the Hon. Peter A. Quinn, Justice of the Supreme Court, New York County, and the order of dismissal signed and filed on September 18. 1972. A motion for reconsideration was denied by Justice Quinn on April 30, 1973. Thereafter, the present action was commenced in this court on June 19, 1973. The defendant appeared on July 27, 1973, and finally a stipulation was entered into staying all discovery pending the determination of these motions.

The motion of the plaintiff to strike the Seventh defense, and the cross-motion of the defendant concerning subject matter jurisdiction may be resolved simultaneously. The defendant merely attacks lack of subject matter jurisdiction on the law side of the court.

The cross-motion of the defendant is well taken. The affidavit of Hubert F. Carr, the Corporate Secretary and Vice President of the defendant states that the defendant is a Delaware corporation with its principal place of business in New York City.

In Testa v. Moore-McCormack Lines, Inc., 229 F.Supp. 154 (S.D.N.Y.) the Court held in part at pages 155–156:

"Where diversity jurisdiction involves the citizenship of a corporation, it is now necessary to allege both the state of incorporation and of the principal place of business of a corporation, or at least that the principal place of business is in a state other than that of which a plaintiff is a citizen * * * *."

Further, the Court held in part:

"Absent diversity jurisdiction, it appears settled that there would be no jurisdiction of this cause as a civil action on the law side." Cases cited.

It is apparent that since the plaintiff is a citizen of New York State and the defendant has its principal place of business in New York State, the requisite of diversity is absent. Therefore, the action must be transferred to the admiralty side of the court without a jury. See also Moore's Federal Practice, 2nd Edition, Vol. 7A, pages 418–420.

The Fifth and Sixth defenses are interrelated. The Fifth defense alleges that the plaintiff is guilty of laches in the prosecution of his suit, and the Sixth defense alleges that the suit because of the plaintiff's laches was dismissed on the merits for failure to serve a complaint in the New York State Supreme Court, New York County. It is, therefore, res judicata.

It is apparent that the main thrust of the plaintiff's motion is to strike the defense of laches interposed by the defendant.

It is now well settled that a court before it can rule on such a defense, must examine the excuse for delay and prejudice to the defendant as a result of the delay. Gardner v. Panama Railroad Co., 342 U.S. 29, 31, 72 S.Ct. 12, 96 L.Ed. 31.

The plaintiff urges that the defendant had knowledge of this accident when it received the notice of lien on December 4, 1969, and no later than August 24, 1970 when the summons was served.

The defendant claims that this is an unreported accident, that the ship deck and engine log books do not indicate any accident of this plaintiff, and that the vessel involved was sold August 28, 1970. Defendant urges further that it requires full discovery of the plaintiff who solely is aware of the accident, before it is able to prove prejudice to this defendant as a result of the delay.

The rules of law concerning laches have been clearly re-established in a most recent case, Charles Hill v. W. Bruns & Co., 498 F.2d 565 (2 Cir. 1974). In the Hill case, the Court held in part at pages 568–569:

> "Laches is a doctrine aimed at avoiding the commencement of stale claims in equity where it is impossible or difficult for a defendant to defend because evidence has been destroyed or lost and the defendant thereby prejudiced as a result of the delay in the institution of the action. E. g., Russell v. Todd, 309 U.S. 280, 287, 60 S. Ct. 527, 84 L.Ed. 754 (1940). * * * * We have come a long way since the days of Baron Parke, who, it will be recalled, was proud of the fact that he had decided all cases on procedural grounds; much less do his doctrines apply in admiralty."

Therefore, the Court will delay any decision upon the Fifth and Sixth defenses until the defendant has had, pursuant to its request, an opportunity for full discovery to establish prejudice, if any, on its behalf.

The Court orders that all pre-trial discovery must be completed within sixty (60) days from the filing of this memorandum. The case will be scheduled for a pre-trial conference on March 5, 1975 at 10 A.M., before this Court. At that time the Court will hear further arguments for and against these defenses. Counsel may submit additional affidavits and memoranda prior thereto.

It is so ordered.