**Joseph MEYER, Plaintiff,**

v.

**MOORE–McCORMACK LINES, INC., Defendant and Third-Party Plaintiff.**

v.

**ARDELL MARINE CORPORATION, Third-Party Defendant.**

No. 73 C 885.

United States District Court, E. D. New York.

April 22, 1975.

Sergi & Fetell, Brooklyn, N. Y., for plaintiff.

Hyde, Dickerson & Reilly, New York City, for defendant, Moore-McCormack Lines, Inc.

Huber, Kirk & O'Connell, Brooklyn, N. Y., for defendant, Ardell Marine Corp.

BRUCHHAUSEN, District Judge.

This action is for personal injuries, allegedly sustained on October 3, 1967 by the plaintiff longshoreman against the vessel, S. S. Normacpenn, owned, operated, and under the control of the defendant, Moore-McCormack Lines, Inc.

The plaintiff moved for an order striking the Fifth, Sixth, and Seventh defenses, interposed by the defendant. The main thrust of the motion is to strike the defense of laches, interposed as the Fifth defense. The defendant requested that the Court delay any decision upon the Fifth and Sixth defenses until it be given an opportunity to conduct full discovery to establish prejudice, if any, on its behalf. The Court granted this request and subsequently all pre-trial discovery was completed. The parties have now submitted additional affidavits for a determination of this motion.

The Court refers all parties to its original memorandum, 398 F.Supp. 551 in which all the pertinent facts were discussed. It is, therefore, unnecessary to reiterate them in this opinion, and it is incorporated by reference herein.

The Court in Hill v. W. Bruns & Co., 498 F.2d 565 (Cir. 2) (1974), held in part at page 568:

"In an admiralty suit state statutes of limitations are not strictly applied; instead, the doctrine of laches controls. Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 533, 76 S.Ct. 946, 100 L.Ed. 1387 (1956); Larios v. Victory Carriers, Inc., 316 F.2d [65] at 65. The courts are not to resort to mechanical application of local statutes of limitation in determining the issue of laches. See, e. g., Conty v. States Marine Lines, Inc., 355 F.2d 26, 28 & n. 3 (2nd Cir. 1966); Oroz v. American President Lines, 259 F.2d 636, 638 (2nd Cir. 1958), cert. denied, 359 U.S. 908, 79 S.Ct. 584, 3 L.Ed.2d 572 (1959). No presumption attaches from the expiration of the applicable period of limitations. Larios v. Victory Carriers, Inc., 316 F.2d at 66. Accordingly, the 'peculiar equitable circumstances' of the case are determinative, Czaplicki v. The Hoegh Silvercloud, 351 U.S. at 533, and a court must examine the excuse for delay and prejudice to the defendant as a result of the delay. Gardner v. Panama Railway Co., 342 U.S. 29, 31, 72 S.Ct. 12, 96 L.Ed. 31 (1951)."

This Court faced with the above rules of law must now apply the peculiar facts of this case to the above rules of law to determine whether or not, in its discretion, the defense of laches is appropriate.

The accident allegedly occurred on October 3, 1967. The compensation lien was then forwarded to the defendant on December 4, 1969. A summons was then served on August 24, 1970, and an appearance interposed by the defend-

ant on September 2, 1970. The case laid dormant for approximately two years when on June 14, 1972 a complaint which had been tendered was rejected by the defendant. Thereafter, the defendant moved for a dismissal which motion was granted on July 14, 1972, and a motion for reconsideration was denied on April 30, 1973. Thereafter, the present law firm was retained and the present action commenced in this district court on June 19, 1973. It is also alleged that the prior attorney had limited experience in the field of maritime law.

The defendant urges that the delay in prosecuting this case has prejudiced its defense. The plaintiff was produced on March 4, 1975, and was deposed concerning the accident. A defense of contributory negligence among others was interposed. If this defense be sustained, there would be a reduction in any damage award, and by such finding the defendant would be able to establish its claim over against Ardell, the stevedore. In this respect, the defendant has been prejudiced by the death of one Joseph Piazza, an eye witness to the accident, who gave an inconsistent version of that of the plaintiff, concerning the happening of the accident.

The defendant also alleges prejudice as a result of the delay because the third-party defendant is no longer in business, and upon information and belief there is no person or records available to be used in its claim for indemnity. Furthermore, the vessel has been sold and scrapped and is no longer available for inspection of the accident site to determine which safety valve popped.

Finally, the defendant is faced with immense difficulties in defending this stale action.

In opposition to these alleged prejudices, it is urged that the original counsel inexperienced in maritime law, was at fault in not processing the state action.

The defendant was advised of this claim as early as April 22, 1968 when it received a claim letter from the original attorney, concerning this accident. Thereafter, subsequent to the service of the state court summons, an oral statement was taken from Joseph Piazza (deceased) by one Clement Crillo, whose report is in the possession of the defendant. The plaintiff has submitted a stipulation consenting to the admission in evidence of this statement.

It is alleged that counsel for the defendant stated that the accident to this plaintiff was reported to the officer in the engine room when it happened. Furthermore, defendant obtained a statement from one Louis Neuror on September 21, 1970 concerning this accident.

Finally, it is alleged that the defendant has photographs or diagrams of the area where the accident occurred. They were made during August 1970.

The Court upon reviewing the events and information obtained after full discovery has been completed, concludes that there is no prejudice shown by the defendant to sustain its burden of the defense of laches. As a matter of fact the position of the defendant has been weakened from the time the original motion was considered. The facts clearly indicate that the defendant was aware of this accident when it was reported to the engine officer on the day of the occurrence. In the prior memorandum of this Court, it was noted that a notice of lien was served upon the defendant on December 4, 1969, however, this fact was not listed in the chronology of events, submitted by the defendant. In the prior memorandum of law submitted by the defendant, it is stated on page 4, in substance, that this is an unreported accident and no mention of any accident was listed in the deck or engine log books. As stated above, it was shown that the accident was reported to the engine room officer. If he did not report it to his superior, apparently no log entry would have been entered.

**556**

The discovery process indicated that the defendant was further advised of the accident when it received a claim letter from the prior attorney, dated April 23, 1968, and by a notice of lien by the compensation carrier on December 4, 1969.

Furthermore, discovery indicated that the defendant did conduct investigations of this accident and, therefore, has knowledge thereof. The defendant, upon receipt of notice of an alleged accident from various sources conducted no investigation and thus has no one to blame except itself. However, here, such is not the case.

The Court concludes that the peculiar equitable circumstances tip in favor of the plaintiff, and guided by Hill v. W. Bruns & Co., supra, grants the plaintiff's motion.

The Court orders that this matter be set down for trial on June 2, 1975, at 10 A.M. in this part.

It is so ordered.