Frank DE SILVIO, Plaintiff,

v.

PRUDENTIAL LINES, INC., Defendant.

No. 78 Civ. 3875 (CHT).

United States District Court,
S. D. New York.

June 21, 1982.

Zimmerman & Zimmerman, New York City, for plaintiff; Howard Fishkin, New York City, of counsel.

Bernard Klieger, P. C., New York City, for defendant; Bernard Klieger, New York City, of counsel.

## OPINION

TENNEY, District Judge.

Plaintiff Frank De Silvio, a longshoreman, brought this action charging that he was injured as a result of defendant Prudential Lines, Inc.'s (Prudential's) negligence while he was working aboard Prudential's ship, the S.S. Santa Barbara. Defendant now moves to dismiss the action, claiming that De Silvio's suit should be barred under the doctrine of laches.[1] For the reasons discussed below, the Court grants summary judgment in favor of Prudential.[2]

*Background*

De Silvio alleges that he was injured on November 24, 1974, aboard the S.S. Santa Barbara, when he slipped on coffee beans in a hatch cover wheel track while he was untying a safety net. De Silvio filed this action on August 21, 1978, almost four years after the alleged accident. In an Opinion dated January 16, 1980, this Court denied defendant's motion for summary judgment. Now, shortly before the scheduled trial, Prudential has moved to dismiss, contending that this suit should be barred for laches. In support of its argument, Prudential points out that this suit was not filed until almost a year after the state statute of limitations for personal injury actions had run. Moreover, Prudential claims that it has been seriously prejudiced by plaintiff's undue delay in filing the action, as it no longer owns the ship in question or employs its crew.

Plaintiff seeks to excuse his delay in pursuing this action by pointing to an unlimited extension of time to appear, answer, etc. that his counsel, Zimmerman & Zimmerman, granted to Prudential in 1974 with respect to all claims against Prudential by clients of Zimmerman & Zimmerman. Plaintiff argues that Prudential, having requested and received this extension, may not now claim laches. Further, plaintiff argues that the defendant would not be prejudiced if this case goes forward, since he commenced a state court action by serving Prudential with a summons in July 1976, and Prudential "most likely" conducted an investigation of his claim then. Af-

1. Defendant also moved to dismiss on the ground that the plaintiff is not a proper party to bring this suit, arguing that plaintiff's failure to bring this action within six months of his compensation award resulted in the assignment of his claim to his employer pursuant to 33 U.S.C. § 933(b). Plaintiff argued that no statutory assignment of his claim occurred because he did commence an action in state court, by serving Prudential with a summons without a complaint on July 2, 1976, within the period mandated by § 933(b). Having determined that summary judgment should be granted to defendant on the ground of laches, the Court takes no position on the merits of this claim.

2. As the defendant has already interposed an answer to the complaint, its motion would have been more properly styled a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), or for summary judgment, pursuant to Rule 56. The Court will treat the motion as one for summary judgment, since materials outside the pleadings have been presented to and considered by the Court on this motion. See Rule 12(c).

firmation of Howard Fishkin, dated June 3, 1982, at 6.

*Discussion*

■ "The existence of laches is a question primarily addressed to the discretion of the trial court." *Public Administrator v. Angela Compania Naviera, S. A.*, 592 F.2d 58, 63 (2d Cir.), *cert. dismissed*, 443 U.S. 928, 100 S.Ct. 15, 61 L.Ed.2d 897 (1979). The factors to be considered by the court in the exercise of its discretion are (1) whether plaintiff has a satisfactory excuse for the delay; (2) whether the defendant would be unfairly prejudiced if the case went forward; and (3) the analogous state statute of limitations. *Id.* at 63–64; *De Monte v. Shipping Corp. of India, Ltd.*, 476 F.Supp. 392, 394 (S.D.N.Y.1979).

■ There is no question that this action was not filed until well after the expiration of the three-year statute of limitations that exists for personal injury actions in New York. See N.Y.Civ.Prac. § 214(5) (McKinney Supp.1981–82). With regard to plaintiff's excuse for the delay, the Court notes that this case is similar to several cases in the Southern District of New York against Prudential that have been dismissed under the doctrine of laches. *See, e.g., Pizarro v. Prudential Lines, Inc.*, 81 Civ. 68 (WCC) (S.D.N.Y. June 1, 1982); *Guzman v. Prudential Lines, Inc.*, 80 Civ. 2391 (CBM) (S.D.N.Y. Mar. 12, 1982); *Rodriguez v. Prudential Lines, Inc.*, 81 Civ. 4847 (MEL) (S.D.N.Y. Nov. 16, 1981); *Casso v. Prudential Lines, Inc.*, 80 Civ. 3685 (MEL) (S.D.N.Y. Sept. 18, 1981); *Alvarez v. Prudential Lines, Inc.*, 80 Civ. 4547 (MEL) (S.D.N.Y. Sept. 16, 1981); *Hernandez v. Prudential Lines, Inc.*, 80 Civ. 2388 (GLG) (S.D.N.Y. Aug. 28, 1981); *Diaz v. Prudential Lines, Inc.*, 80 Civ. 3260 (HFW) (S.D.N.Y. June 29, 1981). All of those cases involved claims filed well after the expiration of the analogous state statutes of limitations by parties represented by the law firm of Zimmerman & Zimmerman, and in all of them, Zimmerman & Zimmerman sought unsuccessfully to use the indefinite extension of time it granted to Prudential in 1974 as its excuse for the delay. The courts found the agreement to be insufficient excuse for the delay, as plaintiffs had the right, under the agreement, to pursue their actions at any time. This Court is similarly unconvinced that the 1974 agreement justifies the lengthy delay in filing this suit.

The only distinction between the instant action and the cases cited above is the length of time it has taken the defendant in this action to make his laches objection. Clearly, a conscientious defense of this suit would have included a prompt motion to dismiss. Nevertheless, the lateness of the motion does not warrant a result different from the cases cited above, with whose reasoning the Court is in agreement. Despite plaintiff's argument to the contrary, Prudential's earlier motion for summary judgment did not constitute an implicit acknowledgment that it could adequately defend this suit or that it had not been prejudiced by the delay. Moreover, plaintiff can hardly be heard to complain that it is unfair to overlook defendant's delay in bringing its motion. Plaintiff has expended little effort in actively pursuing his case since it was filed in 1978; in fact, the case reached the trial stage only through the Court's, and not the plaintiff's, initiative.

Finally, there is the question of prejudice to the defendant if this action were permitted to go forward. "It is self-evident that the passing of time will almost inevitably be prejudicial to any defendant." *LaGares v. Good Commander Shipping Co.*, 487 F.Supp. 1243, 1245 (S.D.N.Y.1980). More specifically, Prudential claims that it has been seriously prejudiced by the delay because it no longer owns or operates the S.S. Santa Barbara; the crew members are no longer employed by Prudential; witnesses would be very difficult to locate so long after the accident; and even if witnesses could be located, their recollection of the events could not be relied upon. Affidavit of Bernard Klieger, sworn to June 7, 1982, ¶ 15. The Court finds that the defendant would be unfairly prejudiced by having to go forward with an action filed so long after the complained of accident, especially when defendant no longer owns the vessel

on which the accident took place or employs the crew members. The fact that Prudential may have been put on notice of a potential claim against it by receipt of a summons in July 1976 is less significant than the fact that the summons was never, to the Court's knowledge, followed by a complaint in the state action, and it was only in August 1978, two years after the state court summons and almost four years after the alleged accident, that this action was filed.

Prudential is granted summary judgment on the ground of laches.

So ordered.