**Frank DeSILVIO, Plaintiff-Appellant,**

v.

**PRUDENTIAL LINES, INC., Defendant-Appellee.**

**No. 532, Docket 82–7561.**

United States Court of Appeals, Second Circuit.

Argued Nov. 23, 1982.

Decided Feb. 8, 1983.

---

**14**

Howard Fishkin, New York City (Zimmerman & Zimmerman, New York City, of counsel), for plaintiff-appellant.

William Sonenshine, New York City (Bernard Klieger, P.C., New York City, of counsel), for defendant-appellee.

Before PIERCE, WINTER and PRATT, Circuit Judges.

PIERCE, Circuit Judge:

Plaintiff-appellant Frank DeSilvio appeals from an order of the United States District Court for the Southern District of New York, Charles H. Tenney, *Judge,* entered June 24, 1982, granting summary judgment for defendant-appellee Prudential Lines, Inc. (Prudential) on the ground of laches. We reverse.

Appellant, a longshoreman who is a citizen and resident of New York, alleges that he was injured on November 24, 1974 while working aboard appellee's ship, the S.S. Santa Barbara, which was then berthed at the 39th Street Pier, Brooklyn, New York. The accident allegedly occurred when appellant slipped and fell on loose coffee beans in a hatch cover wheel track, causing appellant to sustain various fractures and sprains, and to thereby become disabled and unable to work for over a year.

Also in 1974, Prudential wrote to the law firm of Zimmerman & Zimmerman requesting an unlimited extension of time within which to appear in all lawsuits then pending and all subsequent lawsuits between itself and clients of Zimmerman & Zimmerman. Prudential's letter proposed that the following language be used:

> We hereby grant you an indefinite extension of time in which you may answer, appear or otherwise move in reference to any action served upon you in any municipal, city, state or federal court.
>
> This stipulation may be withdrawn by us at anytime with reference to any case as to which we will notify you in writing.

Zimmerman & Zimmerman granted Prudential's request in a letter dated October 16, 1974, adopting Prudential's language almost word for word.

Thereafter, on July 2, 1976, DeSilvio, represented by Zimmerman & Zimmerman, commenced an action in the State Supreme Court, New York County, by service of a summons upon Prudential. The summons stated the name and address of plaintiff-appellant's counsel, the names of the parties, Prudential's address, the basis of venue, the date and place of the accident, and that the claim was for money damages resulting from personal injuries. The summons was apparently never followed by the service and filing of a complaint in that court.

This action was commenced in the United States District Court for the Southern District of New York on August 21, 1978, by the filing of a complaint coupled with service upon Prudential.* Prudential moved pursuant to Rule 56, F.R.Civ.P., for summary judgment on June 27, 1979, on grounds that no triable issue of fact existed as to Prudential's alleged negligence. Judge Tenney denied this motion on January 16, 1980, and later set June 8, 1982, as the date for trial. On June 1, 1982, Prudential moved to dismiss the action alleging, *inter alia,* that the suit should be barred for laches. Judge Tenney granted summary judgment in appellee's favor, finding DeSilvio had been guilty of laches. DeSilvio appeals from this ruling.

■■■ The equitable doctrine of laches has immemorially been applied to admiralty claims to determine whether they have been timely filed. *The Key City,* 81 U.S. (14 Wall.) 653, 660, 20 L.Ed. 896 (1872); *Hill v. W. Bruns & Co.,* 498 F.2d 565, 568 (2d Cir.1974); *Larios v. Victory Carriers, Inc.,* 316 F.2d 63, 65 (2d Cir.1963). Determinations relating to a claim of laches ordinarily are left to the discretion of the trial court. *Czaplicki v. The Hoegh Silvercloud,* 351 U.S. 525, 534, 76 S.Ct. 946, 951, 100 L.Ed. 1387 (1956); *Gardner v. Panama R.R. Co.,* 342 U.S. 29, 30, 72 S.Ct. 12, 13, 96 L.Ed. 31 (1951). These rulings may not be overturned unless the trial court has abused its discretion. *Dickey v. Alcoa Steamship Co.,* 641 F.2d 81, 82 (2d Cir.1981); *Goodman v. McDonnell Douglas Corp.,* 606 F.2d 800, 804 (8th Cir.1979), *cert. denied,* 446 U.S. 913, 100 S.Ct. 1844, 64 L.Ed.2d 267 (1980). In analyzing whether a party is guilty of laches, a district court may not mechanically apply the local statute of limitations, *Gardner,* 342 U.S. at 30–31, 72 S.Ct. at 13; *The Key City,* 81 U.S. at 660; *Hill,* 498 F.2d at 568, as "[e]quity eschews mechanical rules; it depends on flexibility." *Holmberg v. Arm-*

brecht, 327 U.S. 392, 396, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946). Moreover, the Supreme Court has recognized that "laches is not like limitation, a mere matter of time; but [is] principally a question of the inequity of permitting the claim to be enforced— an inequity founded upon some change in the condition or relations of the property or the parties." *Galliher v. Cadwell,* 145 U.S. 368, 373, 12 S.Ct. 873, 875, 36 L.Ed. 738 (1892).

Therefore, the court must balance various factors in determining whether laches exist. These factors have been well established by the courts. In *Public Administrator of the County of New York v. Angela Compania Naviera,* 592 F.2d 58, 63–64 (2d Cir.1979), *cert. dismissed,* 443 U.S. 928, 100 S.Ct. 15, 61 L.Ed.2d 897 (1979), this court set forth guidelines for the application of the doctrine of laches in an admiralty context:

> The questions to be answered in the exercise of [the district court's] discretion are whether there existed satisfactory excuse for the delay in bringing the cause of action and whether allowing the action to go forward despite the delay would unfairly prejudice the defendant. These questions are to be evaluated in light of the "peculiar equitable circumstances" of the case.

> The application of the doctrine of laches also requires reference to or consideration of the analogous statute of limitations. (citations omitted).

Thus, the issue before this court is whether the district judge abused his discretion in determining (1) the analogous statute of limitations; (2) DeSilvio's excuse for the delay; and (3) the extent of prejudice, if any, to Prudential as well as the weight that should be attributed to each of these factors in balancing the equities. As noted by the Supreme Court, "[w]here there has been no inexcusable delay in seeking a remedy and where no prejudice to the defend-

---

* We note that federal jurisdiction appears to be based either on diversity of citizenship, 28 U.S.C. § 1332 (1976), see paragraphs I—IV of plaintiff's complaint, or on the existence of a federal question, 28 U.S.C. § 1331 (Supp. V 1981), and the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b) (1976), see opposing affirmation of plaintiff's attorney dated June 3, 1982. In any event, jurisdiction was not challenged in this court.

ant has ensued from the mere passage of time, there should be no bar to relief." *Gardner,* 342 U.S. at 31, 72 S.Ct. at 13. We conclude that the district judge abused his discretion in finding that the equities tipped in Prudential's favor, and we reverse.

### Balancing the Factors

#### (1) The Statute of Limitations

■ Before determining the analogous statute of limitations, we note that New York law is most appropriately considered since the contacts with New York are most substantial: DeSilvio is a New York resident and citizen; the alleged accident occurred while the vessel was berthed in Brooklyn, New York; Prudential's agents were allegedly supervising the work being done in New York at that time. *See De-Monte v. Shipping Corp. of India, Ltd.,* 476 F.Supp. 392, 394 (S.D.N.Y.1979).

We agree with Judge Tenney's finding that under New York law, the analogous statute of limitations for personal injuries is three years. N.Y.C.P.L.R. § 214(5) (McKinney 1972). Here, the injury occurred in November, 1974. Thus, the statute of limitations would have run in November, 1977. The state court summons, filed in July, 1976, was within the statutory period, but the complaint herein, filed in August, 1978, was not.

The question arises what significance should be attached to the expiration of the statute of limitations. In *Larios,* we stated that "[w]hen the suit has been brought after the expiration of the state limitation period, a court applying maritime law asks why the case should be allowed to proceed; when the suit, although perhaps long delayed, has nevertheless been brought within the state limitation period, the court asks why it should not be." 316 F.2d at 66. We adhere to this view, and do not infer any "presumption of prejudice" from the passing of the statute of limitations time period. We note, however, that Prudential is better able to establish that it has been prejudiced because of delay, while DeSilvio has greater knowledge of the reasons for the delay and any excuse therefor. *See Goodman v. McDonnell Douglas Corp.,* 606 F.2d at 806; *Hill,* 498 F.2d at 568.

#### (2) Appellant's Excuse for the Delay

DeSilvio contends that his excuse for the delay is the unlimited extension authorization granted to Prudential at Prudential's request.[1] Apparently, the district court was unimpressed by the fact that Prudential had induced DeSilvio's law firm to grant this standing extension. The Supreme Court, however, has explicitly announced a policy that

> no man may take advantage of his own wrong. Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar inequitable reliance on statutes of limitations.

> . . . . .

> "The principle is that where one party has by his representations or his conduct induced the other party to a transaction to give him an advantage which it would be against equity and good conscience for him to assert, he would not in a court of justice be permitted to avail himself of that advantage. And although the cases

---

1. The court below noted the similarity of this argument to those set forth in several other cases filed in the United States District Court for the Southern District of New York against Prudential and which have been dismissed under the doctrine of laches. *E.g., Francisco Pizarro v. Prudential Lines, Inc.,* No. 81 Civ. 68 (WCC) (S.D.N.Y. June 2, 1982); *Bernabe Guzman v. Prudential Lines, Inc.,* No. 80 Civ. 2391 (CBM) (S.D.N.Y. March 17, 1982); *Anthony Casso v. Prudential Lines, Inc.,* No. 80 Civ. 3685 (MEL) (S.D.N.Y. September 18, 1981); *Hernandez v. Prudential Lines, Inc.,* No. 80 Civ. 2388 (GLG) (S.D.N.Y. August 28, 1981). In each of these cases, the court found insufficient excuse for delay. Each of these plaintiffs was represented by Zimmerman & Zimmerman, was apparently covered by the same written consent as plaintiff herein, and apparently could have prosecuted his action at any time. Judge Tenney concluded that this excuse was insufficient because, as was true for the plaintiffs in the other cases against Prudential, despite the extension authorization, appellant could have prosecuted his action at any time.

to which this principle is to be applied are not as well defined as could be wished, the general doctrine is well understood and is applied by courts of law as well as equity where the technical advantage thus obtained is set up and relied on to defeat the ends of justice...."

*Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 233–34, 79 S.Ct. 760, 762, 3 L.Ed.2d 770 (1959); *see Holmberg,* 327 U.S. at 396–97, 66 S.Ct. at 584–585; *cf. Dickey,* 641 F.2d at 82. We believe that this case is one where Prudential, having induced plaintiff's counsel to grant it a standing extension, is seeking to "use the technical advantage thus obtained ... to defeat the ends of justice." We disagree with the district court's assessment that the unlimited extension requested by Prudential is an inadequate excuse for the delay.

(3) *Prejudice to Appellee Resulting from Delay*

In considering the prejudice to Prudential, the district court noted the following which was apparently unchallenged by plaintiff: Prudential no longer owns or operates the S.S. Santa Barbara, and the crew members are no longer employed by Prudential. Defendant asserted that witnesses would be difficult to locate after so many years following the accident, and, even if the witnesses could be located, their recollection of the events could not be relied upon. Noting that "[i]t is self-evident that the passing of time will almost inevitably be prejudicial to any defendant," *LaGares v. Good Commander Shipping Co.,* 487 F.Supp. 1243, 1245 (S.D.N.Y.1980), the district court concluded that the defendant would be unfairly prejudiced if required to defend this action "so long after the complaint of the accident."

It does not appear that the district court considered the fact that Prudential had been on notice of this accident at least since July, 1976, when appellant filed the state court summons. This date was well within the statute of limitations period. In *Hill,* this court held that "the ultimate question is one of prejudice in fact, governed by the time of notification of the existence of the

cause of action to the defendant and the plaintiff's prompt prosecution of same." 498 F.2d at 569. In *Hill,* plaintiff-appellant had voluntarily dismissed an earlier action due to a technical argument about the validity of the service of process and filed a second action close to two years later. The district court dismissed the second action on the ground of laches. We reversed, holding that "[i]t is the date of the filing of the first complaint which put the appellee on notice, not the date of the second complaint ... [appellee] cannot claim prejudice for having let evidence slip away after [the date the first action was filed]." *Id.* The same logic applies here. Prudential will not be heard to argue that it is prejudiced by loss of evidence when it was on notice of the accident and a probable lawsuit as far back as 1976.

We conclude that the district court abused its discretion in holding that appellant's claim was barred under the doctrine of laches. We reverse the grant of summary judgment and remand for further proceedings.