**UNITED BRANDS COMPANY and Chiquita International Trading Company (CITCO), Plaintiffs,**

v.

**M.V. "ISLA PLAZA," her engines, boilers, etc., in rem and Ahlers Shipping N.V., F. Laeisz Schiffahrtsgesellschaft M.B.H. & Co., and Transnave Transportes Navieros Ecuadorianos, Defendants.**

No. 85 Civ. 0491 (PKL).

United States District Court, S.D. New York.

Aug. 21, 1991.

---

lers Shipping N.V. and F. Laeisz Schiffahrtsgesellschaft M.B.H. & Co.

## ORDER AND OPINION

LEISURE, District Judge:

This is a maritime action for damages following a fire aboard a cargo ship. Defendants Ahlers Shipping N.V. and F. Laeisz Schiffahrtsgesellschaft M.B.H. & Co. (the "Moving Defendants") have now moved, pursuant to Fed.R.Civ.P. 15(a), to amend their answer to add a counterclaim (the "Proposed Counterclaim") of negligence against plaintiff United Brands Company ("United Brands"). For the reasons set forth below, the Moving Defendants' motion is granted.

### Background

The facts pertinent to the Moving Defendants' motion to amend are not complex. A fire broke out aboard the M/V Isla Plaza while it was being loaded with a cargo of bananas at Turbo, Colombia in January 1985. When the fire was extinguished, firefighters discovered the bodies of two stowaways. On January 21, 1985, United Brands filed suit against the owners and operators of the ship for damage to the bananas. On April 29, 1985, an amended complaint was filed, adding Chiquita International Trading Company as an additional plaintiff. On July 8, 1985, at the request of all parties, this action was placed on the suspense docket, to permit the preparation and issuance of the general average statement. On February 6, 1989, upon the completion of the general average statement, the action was restored to the active docket. On May 16, 1990, the Moving Defendants filed a counterclaim seeking general average contribution from plaintiffs, and on August 3, 1990 plaintiffs filed an answer to that counterclaim.

The Moving Defendants presently move this Court to allow further amendment of their answer by permitting the addition of the Proposed Counterclaim.[1] In so doing,

Kennedy & Lillis, New York City (Donald M. Kennedy, of counsel), for plaintiff United Brands Co.

Cardillo & Corbett, New York City (Donald Burke, of counsel), for defendants Ah-

---

1. A copy of the Proposed Counterclaim is attached as Exhibit 1 to the Affidavit of Donald Burke, Esq., sworn to on May 16, 1991.

the Moving Defendants assert that the two stowaways boarded the M/V Isla Plaza at Turbo, Colombia, and that the stowaways caused the fire. The Moving Defendants also claim that there existed a well-known problem with stowaways at the Turbo port, and that United Brands was negligent in failing to implement a reasonable "stowaway prevention program" that would have prevented the two stowaways from gaining access to the M/V Isla Plaza. Thus, the Moving Defendants' Proposed Counterclaim seeks to hold United Brands responsible for fire damage to the ship, allegedly the result of United Brands' negligent failure to prevent stowaways from gaining access thereto.

### Discussion

The Second Circuit has taken a liberal approach to the amendment of pleadings, stating that "[a] motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.'" *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987) (quoting *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981)). "Furthermore, ... parties ... have been permitted to amend their pleadings to assert new claims long after they acquired the facts necessary to support those claims." *Richardson Greenshields, supra*, 825 F.2d at 653 n. 6 (citing cases). In the case at bar, United Brands argues that the equitable doctrine of laches bars the Proposed Counterclaim, and thus the instant motion to amend should be denied as futile. United Brands also argues that the instant motion should be denied on the ground that it will suffer prejudice as a result. The Court will address each of these issues.

### I. Futility of the Amendment

The doctrine of laches "has immemorially been applied to admiralty claims to determine whether they have been timely filed." *DeSilvio v. Prudential Lines, Inc.*, 701 F.2d 13, 15 (2d Cir.1983) (citing cases). "Historically laches developed as an eq-

uitable defense based on the Latin maxim *vigilantibus non dormientibus aequitas subvenit* (equity aids the vigilant, not those who sleep on their rights)." *Stone v. Williams*, 873 F.2d 620, 623 (2d Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 377, 107 L.Ed.2d 362 (1989), *vacated on other grounds*, 891 F.2d 401 (2d Cir.1989). By disallowing the enforcement of stale claims, this doctrine promotes diligence on the part of litigants.

However, not every delay will permit a defense of laches. The Second Circuit has established the following guidelines for determining whether the doctrine of laches is applicable in an admiralty context:

> "The questions to be answered in the exercise of [the district court's] discretion are whether there existed satisfactory excuse for the delay in bringing the cause of action and whether allowing the action to go forward despite the delay would unfairly prejudice the defendant. These questions are to be evaluated in light of the 'peculiar equitable circumstances' of the case.

> The application of the doctrine of laches also requires reference to or consideration of the analogous statute of limitations."

*DeSilvio, supra*, 701 F.2d at 15 (quoting *Public Administrator of the County of New York v. Angela Compania Naviera*, 592 F.2d 58, 63–64 (2d Cir.), *cert. dism'd*, 443 U.S. 928, 100 S.Ct. 15, 61 L.Ed.2d 897 (1979)). "'[W]hen the suit has been brought after the expiration of the state limitation period, a court applying maritime law asks why the case should be allowed to proceed; when the suit, although perhaps long delayed, has nevertheless been brought within the state limitation period, the court asks why it should not be.'" *DeSilvio, supra*, 701 F.2d at 16 (quoting *Larios v. Victory Carriers, Inc.*, 316 F.2d 63, 66 (2d Cir.1963)). No presumption of prejudice is to be inferred from the passage of the statute of limitations time period. *See DeSilvio, supra*, 701 F.2d at 16.

■ In the case at bar, the applicable analogous state statute of limitations is the three-year period established in New York Civil Practice Law and Rules § 214(4), which period has elapsed. However, "[i]t is well settled ... that laches as a defense to an admiralty suit is not to be measured by strict application of statutes of limitations.... This does not mean, of course, that the state statutes of limitations are immaterial in determining whether laches is a bar, but it does mean that they are not conclusive, and that the determination should not be made without first considering all the circumstances bearing on the issue." *Czaplicki v. The Hoegh Silvercloud,* 351 U.S. 525, 533, 76 S.Ct. 946, 951, 100 L.Ed. 1387 (1956). The surrounding circumstances in this case indicate that United Brands' allegations regarding delay and prejudice do not warrant barring the Proposed Counterclaim on equitable grounds.

First, although over six years have passed since this lawsuit began, during three years and seven months of that time this matter was on the suspense docket at the request of all parties—including United Brands—and no discovery took place. Accordingly, the actual period of "delay" is considerably shorter than might appear at first glance. Furthermore, only recently, after the resumption of discovery, did the Moving Defendants become aware of this claim. Thus, the Moving Defendants cannot be faulted for not pressing ahead sooner. Where, as here, the Moving Defendants have "not slept on [their] rights, but ha[ve] been prevented from asserting them based ... on justified ignorance of the facts constituting a cause of action ...", the delay is reasonable and the equitable defense of laches will not bar an action." *Stone, supra,* 873 F.2d at 625.

Second, it has not been shown that United Brands will be unfairly prejudiced by

allowing the Moving Defendants to go forward with the Proposed Counterclaim. In arguing that it will be prejudiced, United Brands claims that the depositions of several of the Moving Defendants' employees would have to be retaken, and that these depositions would be hard to obtain because the Moving Defendants will not permit it the opportunity to re-examine those employees. United Brands also suggests that information about conditions in Turbo in 1985 might no longer be available. However, United Brands provides no evidentiary support whatsoever for these claims of prejudice, and generally does no more than speculate that it might somehow be disadvantaged.[2] Indeed, counsel for the Moving Defendants has stated in a sworn affidavit that "[i]t is defendants' position that plaintiffs are obviously entitled to examine defendants as regards the amended claims." Reply Affidavit of Donald Burke, Esq., sworn to on June 28, 1991, ¶ 25.[3] Such conclusory allegations of prejudice are insufficient to bar the Proposed Counterclaim on equitable grounds.

Accordingly, because the Court would not bar the Proposed Counterclaim based on the doctrine of laches, it will not deny amendment of the answer to add that claim on the ground of futility.[4]

*Prejudice to the Non–Movant*

■ For largely the same reasons that the Court found United Brands' laches argument unpersuasive, it rejects United Brands' claim of prejudice as a ground for denying the Moving Defendants' Rule 15(a) motion. Allowing amendment will undoubtedly force United Brands to incur additional costs. However, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *United States on Behalf of the Maritime Administration v. Continental Illinois*

---

2. For example, United Brands notes merely that "whether United Brands can adequately secure testimony concerning conditions in Turbo, Columbia [*sic*] in January 1985 is open to question." Plaintiff, United Brands Company Memorandum of Law in Opposition to Defendants' Motion for Leave to File an Amended Pleading as to Assert a Second Counterclaim at 8.

3. The Court will, of course, require the Moving Defendants to honor this representation.

4. In reaching this conclusion, the Court need not decide whether the "relation-back" doctrine embodied in Fed.R.Civ.P. 15(c) is applicable in this context.

*National Bank & Trust Company of Chicago*, 889 F.2d 1248, 1255 (2d Cir.1989); *see also S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Building 1 Housing Development Fund Company, Inc.*, 608 F.2d 28, 43 (2d Cir.1979); *Middle Atlantic Utilities Co. v. S.M.W. Development Corp.*, 392 F.2d 380, 386 (2d Cir.1968). Moreover, as noted above, United Brands has done little more than imagine worst-case scenarios, rather than provide concrete evidence that it will suffer prejudice. This falls short of the showing necessary to overcome the liberal policy incorporated in Rule 15, and thus amendment of the answer to add the Proposed Counterclaim will be permitted.

#### Conclusion

For the reasons stated above, the Moving Defendants' motion to amend their answer to assert the Proposed Counterclaim, pursuant to Fed.R.Civ.P. 15(a), is granted.

SO ORDERED.