**Frank GUENTHER, Plaintiff,**

**v.**

**SEDCO, INC., et al., Defendants.**

**No. 93 Civ. 4143 (WK).**

United States District Court,
S.D. New York.

Nov. 1, 1994.

Paul T. Hofmann, Cappiello Hofmann & Katz, P.C., New York City, for plaintiff.

Timothy J. Abeel, Palmer Biezup & Henderson, New York City, for defendants.

### MEMORANDUM AND ORDER

WHITMAN KNAPP, Senior District Judge.

The Amended Complaint in this admiralty case alleges that defendants—ship owners, operators and managers engaging in offshore drilling activities—illegally deducted ten percent of the wages of approximately 245 seamen, including plaintiff Frank Guenther, during various time periods between July 1986 and December 1990. It states claims for the return of earned wages and an award of penalty wages under 46 U.S.C. § 10313, and for fraud.

According to the Amended Complaint, the illegal deductions were made pursuant to a fraudulent "Tax Equalization System" ("the System"), created and implemented by defendants, which purported to pay foreign government taxes on the wages of seamen working off the shores of foreign countries. It is alleged that no foreign tax liabilities ever existed for any of the seamen and that defendants made no tax payments with the funds which were deducted under the System. In his moving papers, plaintiff has asserted that defendants concealed the fraudulent nature of the System from him during the years in question, and that he first began to question the deductions only after consulting an admiralty lawyer at the suggestion of a friend in December 1992. See Affirmation of Frank Guenther, Ex. 3 to Hoffman Certif. Plaintiff filed his original complaint in June 1993.

Plaintiff now moves for class action certification under Fed.R.Civ.P. 23(b)(3) to recover damages for himself and on behalf of a class consisting of:

All United States citizens who were seamen employees of defendants between July 1986 through December 1990, and who served aboard the Sedco/BP 471 or other vessels owned, maintained or managed by defendants, and who were subject to defendant's [sic] "Tax Equalization System."

Defendants move to dismiss the § 10313 claims under the equitable doctrine of laches.

■ We first consider defendants' motion. Ordinarily, when applying the doctrine of laches in maritime cases we would have to balance three factors: (1) whether a "satisfactory excuse for the delay in bringing the cause of action" exists; (2) "whether allowing the action to go forward despite the delay would unfairly prejudice the defendant[s]"; and (3) the analogous statute of limitations. *Desilvio v. Prudential Lines, Inc.* (2d Cir. 1983) 701 F.2d 13, 15.

■ However, in the instant case the alleged fraud is so egregious that the importance of its prosecution would outweigh any hardship that defendants might suffer. Moreover, there can be no serious contention that the plaintiff was guilty of undue delay in taking six months after discovery of the alleged fraud to get his act together and file the complaint. In these circumstances it is unnecessary to determine what, under state law, the analogous statute of limitations might be. The need to remedy the fraud would more than counterbalance the shortest imaginable statute of limitations.

■ Turning to plaintiff's motion for class action certification, defendants presently oppose it only on the ground that the class action is not "superior to other available methods for the fair and efficient adjudication of the controversy," as is required if the class is to be certified under Fed.R.Civ.P.

23(b)(3). We make short shrift of that contention. According to the allegations in plaintiff's Amended Complaint and moving papers, 245 different seamen have been damaged by defendant's System but have no reason at all to suspect it. Thus the class action is not simply the "superior" means of resolving this dispute fairly and efficiently but the *only* means of doing so. We note that our decision is based on plaintiff's allegations alone. Defendants may renew their objections to class certification if future discovery provides a different account of the facts.

## CONCLUSION

For the reasons above discussed, we grant plaintiff's motion for class action certification under Fed.R.Civ.P. 23(b)(3) and deny defendants' motion to dismiss the complaint, without prejudice, however, to its renewal in the event that further discovery provides facts contrary to those upon which our opinion is based.

**SO ORDERED.**