12-1141-cv
Compania Sud Americana de Vapores S.A. v. Global Terminal & Container Servs., LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen.

PRESENT: PIERRE N. LEVAL,
REENA RAGGI,
*Circuit Judges*,
KENNETH M. KARAS,
*District Judge*.[*]

------------------------------------------------------------------------

COMPANIA SUD AMERICANA DE VAPORES S.A., and
CSAV AGENCY NORTH AMERICA,
*Plaintiffs-Appellees*,

v.                                              No. 12-1141-cv

GLOBAL TERMINAL & CONTAINER SERVICES, INC.
*Defendant-Appellant*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:     PETER N. FREIBERG, Meiselman, Denlea, Packman, Carton & Eberz P.C., White Plains, New York.

APPEARING FOR APPELLEES:     GARTH S. WOLFSON, Mahoney & Keane, LLP, New York, New York.

---

[*] The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 15, 2012, is AFFIRMED.

Defendant Global Terminal & Container Services, LLC ("Global"), appeals from an award of summary judgment in favor of plaintiffs Compania Sud Americana de Vapores S.A. and CSAV Agency North America (collectively, "CSAV") on CSAV's claim for $424,543.71 in damages as a result of Global's alleged negligence, breach of contract, and breach of the warranty of workmanlike service in the performance of a stevedoring contract. We review an award of summary judgment <u>de novo</u>, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine dispute of material fact. <u>See</u> Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247–48 (1986); <u>Sudler v. City of New York</u>, 689 F.3d 159, 168 (2d Cir. 2012). In conducting that review here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.   <u>Hire and Fuel Charges</u>

Global submits that the district court erred in awarding CSAV the hire and fuel costs CSAV paid for the M/V RIO PUELO during the time that the chartered vessel was out of service while being repaired as a result of damages caused by Global's negligent handling of a hatch cover. Global contends that such an award is precluded by Clause X(5) of the

2

parties' Stevedore and Terminal Services Agreement ("Stevedore Agreement"), which states that "[e]xcept as may otherwise be provided herein, in no case shall one Party to this Agreement be liable to any other Party to this Agreement for special or consequential damages suffered by such other party to this Agreement." J.A. 59 ("Consequential Damages Bar"). Like the district court, we conclude that Global's argument fails because the Consequential Damages Bar expressly states that it is superseded as "otherwise provided" in the Stevedore Agreement, and Clause X(2) is such a superseding provision. It states:

> Contractor [Global] shall indemnify and hold harmless each Carrier [CSAV] . . . from any and all losses, expenses, damages, demands and claims by any person in connection with . . . damage to any property, vessel, cargo, equipment, or the natural environment, sustained, as the result of Contractor's breach of this Agreement, negligence, fault and/or willful misconduct . . . . No limitation of liability or limitation of damages that may appear in Contractor's Terminal Tariff shall apply to this provision.

J.A. 59 ("Indemnity Provision").

Global contends that the Indemnity Provision does not apply here because it obligates Global to indemnify CSAV only against claims by third parties, not for losses, expenses or damages sustained by CSAV itself. Although the provision contains no such limiting language, Global maintains that construing the Indemnification Provision more broadly would render the Consequential Damages Bar a nullity.

Federal law controls the interpretation of indemnity provisions in maritime contracts. See ProShipLine, Inc. v. Aspen Infrastructures, Ltd., 585 F.3d 105, 110 (2d Cir. 2009); Navieros Oceanikos, S.A., Liberian Vessel Trade Daring v. S.T. Mobil Trader, 554 F.2d 43, 47 (2d Cir. 1977) ("The interpretation of an indemnity clause as part of a maritime contract

3

is a matter governed by federal maritime and not state law."). Under that law, we consider "the breadth of the language of the disputed provision; the existence of limiting definitions in the clause; whether a particular interpretation creates or avoids a redundancy; and the surrounding provisions of the entire agreement." Navieros Oceanikos, S.A., Liberian Vessel Trade Daring v. S.T. Mobil Trader, 554 F.2d at 47. Here, the plain language of the Indemnification Provision reaches broadly to cover "any and all losses [and] expenses . . . by any person in connection with damage to any property [or] vessel . . . sustained, as the result of [Global's] . . . negligence." J.A. 59 (emphases added). The highlighted terms signal the parties' agreement to broad rather than narrow indemnification. See, e.g., Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F.3d 218, 225 (2d Cir. 2001) (interpreting charter party arbitration clause broadly where it concerned "any dispute" arising from the charter party); cf. Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1361 (2d Cir. 1993) (interpreting forum selection clause broadly where it applied to "all purposes of and in connection with" the agreements (emphasis in original)). Moreover, an expansive construction providing for Global's indemnification of CSAV's hire and fuel expenses does not nullify the Consequential Damages Bar.

First, Global's characterization of these expenses as "consequential" is not apparent. See Texas A & M Research Found. v. Magna Transp. Inc., 338 F.3d 394, 404 (5th Cir. 2003) (defining consequential damages as those "unusual or indirect costs that, although caused by the defendant's conduct in a literal sense, are beyond what one would reasonably expect to be the ordinary consequences of a breach"). CSAV's obligation to pay hire and fuel charges

4

derives from its Time Charter agreement with the vessel owner. Although the Time Charter relieves CSAV of this payment obligation in the event of certain damages "preventing the full working of the vessel," J.A. 78 (Clause 15), that agreement expressly states that "[a]ll stevedores' damages affecting vessel's Class/seaworthiness/cargo carrying capacity [are] to be repaired immediately on occurrence at Charterers' time and expense," id. at 87 (Clause 39). In short, contrary to Global's argument, CSAV remained obligated to pay hire and fuel expenses for a vessel it could not use as a result of the actions of its stevedore, Global. Moreover, such expenses were reasonably foreseeable to Global because the Time Charter in this case is the "standard Government Form." Marine Traders, Inc. v. Seasons Nav. Corp., 422 F.2d 804, 805 (2d Cir. 1970).

Second, insofar as the Indemnity Provision applies only to economic loss accompanied by actual physical injury to person or property, while the Consequential Damages Bar applies to economic loss not involving such injury, construing the former to reach the hire and fuel expenses here does not render the latter a nullity. Global's contention that CSAV's damages are for purely economic losses is belied by the parties' stipulation that a "hatch cover fell and hit the M/V RIO PUELO and the pier, causing damages to the vessel and its appurtenances." J.A. 44.

CSAV also claims that it is entitled to recover its hire and fuel expenses because Global breached "the warranty of workmanlike service implied by admiralty law from a carrier's contract with its stevedore." Seguros Illimani S.A. v. M/V POPI P, 929 F.2d 89, 92 (2d Cir. 1991). Although Global argues that this warranty extends only to foreseeable

5

losses, this court has construed it to cover "<u>any</u> liability [the charterer] might incur as a result of an unseaworthy condition caused or brought into play by the improper, unsafe or incompetent performance of the contractor." <u>Fairmont Shipping Corp. v. Chevron Int'l Oil Co., Inc.</u>, 511 F.2d 1252, 1258 & n.9 (2d Cir. 1975) (emphasis added). We need not pursue the matter further, however, because CSAV's hire and fuel expenses during the period of repair were foreseeable to Global for reasons already discussed, and thus were recoverable under the Stevedore Agreement.

Accordingly, we conclude that the district court correctly entered summary judgment in favor of CSAV on these expenses.

2.      <u>Repair and Inspection Costs</u>

Global invokes laches to challenge the district court's award to CSAV of repair and inspection expenses for which no invoice was submitted until nine months after the expenses were charged. We review the district court's rejection of Global's laches argument only for abuse of discretion, <u>see</u> <u>DeSilvio v. Prudential Lines, Inc.</u>, 701 F.2d 13, 15 (2d Cir. 1983), which we do not identify here.

First, insofar as laches applies "where it is clear that a plaintiff unreasonably delayed in initiating an action and a defendant was prejudiced by the delay," <u>Robins Island Preservation Fund, Inc. v. Southold Dev. Corp.</u>, 959 F.2d 409, 423 (2d Cir. 1992), there is no evidence that CSAV delayed initiating "an action." The M/V RIO PUELO finished undergoing repairs on July 20, 2008, and CSAV first presented an invoice to Global on October 10, 2008. Its later submission of additional repair expenses on August 19, 2009,

6

does not indicate unreasonable delay in initiating the present action. The September 14, 2009 filing was well within the applicable six-year statute of limitations. See DeSilvio v. Prudential Lines, Inc., 701 F.2d at 15 (holding that, in federal maritime actions, courts should consider analogous state statute of limitations in evaluating laches claim); N.J. Stat. Ann § 2A:14-1 (establishing six-year limitations period for breach of contract claims).[1]

Second, although Global asserts that it was prejudiced by CSAV's delay in submitting all repair invoices, it submitted no evidence to support this claim. The omission is particularly glaring here because Global was given timely notice that CSAV would seek to recover its repair costs. Thus, in the absence of any proof of actual prejudice from the complained-of delay, the district court acted well within its discretion in denying Global's laches defense. See, e.g., DeSilvio v. Prudential Lines, Inc., 701 F.2d at 17 (holding that defendant failed to demonstrate prejudice when it was on notice of plaintiff's claims two years before federal action was filed).

We have considered Global's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment in favor of CSAV is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Global's argument that CSAV breached Clause X(7) of the Stevedore Agreement by waiting longer than 12 months to present certain repair invoices also lacks merit. CSAV notified Global within 12 months of the incident that it sought indemnity for its repair expenses. Moreover, CSAV presented the disputed repair invoice to Global within 12 months of being debited for those costs by the shipowner. Thus, Clause X(7) does not preclude the judgment awarded CSAV.